JAMIR DAVIS, Esq. SBN 98041 – Pro Hac vice
**J. DAVIS LAW FIRM, PLLC**
106 Winging Way Unit C
Covington, KY 41011
Tele: 859-750-5033
jdavislawky@gmail.com

MICHAEL R. SEVILLE, Esq. SBN 278164
CURTIS L. BRIGGS, Esq. SBN 284190
**SEVILLE BRIGGS, LLP**
3330 Geary Blvd. 3rd Floor, East
San Francisco, CA 94118
Tele: 415-324-8733
michael@sevillebriggs.com
curtis@sevillebriggs.com

Attorneys for plaintiff

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS, <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-50 individually and in official capacities as police officers for the City and County of San Francisco, inclusive. <br><br> Defendant. | CASE NO: 3:20-cv-01357 <br><br> COMPLAINT FOR VIOLATION OF TITLE 42 USC § 1983, *MONELL* CLAIM, VIOLATION OF CALIFORNIA STATUTES, VIOLATION OF COMMON LAW TORTS, AND DAMAGES <br><br> JURY TRIAL DEMANDED |

//
//
//

# INTRODUCTION

1. On or about the night of October 6, 2019, Plaintiff Dacari Spiers, his girlfriend, and his cousin, were enjoying an evening out at the popular tourist destination Pier 39 in San Francisco.

2. Mr. Spiers, his girlfriend, and his cousin, casually walked to their parked vehicle at or near Powell Street and Beach Street in San Francisco.

3. Prior to their arrival, Mr. Spiers girlfriend noticed that her wallet was missing and realized it had been stolen at some point during the evening.

4. Mr. Spiers girlfriend expressed frustration at the loss of her wallet and Mr. Spires began consoling her.

5. Mr. Spiers and his girlfriend were engaging in a loving embrace when San Francisco police officers suddenly attacked Mr. Spiers.

6. Mr. Spiers was yelled at by officers, but he did know they were directed at him, and was never informed of the nature of the officer's interactions.

7. Mr. Spiers was repeatedly struck with wood or metal batons in a manner which could have resulted in death. Additionally, he was struck with the officers' boots and fists. Without explanation or de-escalation by officers, he was thrown to the ground and the beating continued.

8. Mr. Spiers was taken to Saint Francis Memorial Hospital in San Francisco, where he received medical care.

9. The brutal and outrageously unlawful beating resulted in a severely broken leg which required surgery; a severely broken wrist which required surgery to place metal pins in his wrist to hold the bone together; a large gaping laceration to his other leg requiring stitches among other injuries, both physical and mental.

10. While in the care of attending doctors and nurses, on two or three occasions, agents and/or officers of the San Francisco Police Department and/or the District Attorney's office, made unannounced and unwelcome visits, with the express intent of intimidating and silencing Mr. Spiers.

11. This action seeks to recover damages for the violation of Mr. Spiers' rights under federal and state statutes, as well as common law torts.

## JURISDICTION

12. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district. Title 28 of the United States Code Section 1391(b) confers venue upon this Court.

## ADMINISTRATIVE PREREQUISITES

13. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiff filed a claim with the City and County of San Francisco on October 10, 2019 by sending a claim form and letter to City Clerk's office, Attention: Claims Division. The Claim was denied on November 20, 2019. This Complaint is brought in a timely manner under California law.

## PARTIES

14. Plaintiff DACARI SPIERS (hereinafter referred to as "PLAINTIFF") is and at all times herein mentioned is a citizen of the United States and a resident of Northern California.

15. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter referred to as "COUNTY") is and all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the COUNTY operates the San Francisco Police Department. The San Francisco Police Department employ's police officers and is responsible for the actions of its employees. PLAINTIFF believes that the COUNTY is legally responsible and liable for the incident, injuries and

damages herein set forth. The COUNTY proximately caused injuries and damages because of the intentional and/or negligent actions of one or more of its employees, it breached is duty to PLAINTIFF to provide safety and security for the public, violated public policy when its employees used excessive force against PLAINTIFF. The COUNTY is liable for the actions of its employees, through vicarious or imputed liability and *Respondiat Superior*.

16. PLAINTIFF is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF believes and alleges that each defendant is legally responsible and liable for the incident, injuries and damages herein set forth. Each defendant proximately caused injuries and damages because of his/her intentional and/or negligent actions, breach of duty, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act of omission. PLAINTIFF will ask for leave to amend his complaint subject to further discovery.

17. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with the COUNTY. In engaging in the conduct described herein, Defendant officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of the COUNTY.

**STATEMENT OF FACTS**

18. On or about October 6, 2019, PLAINTIFF, his girlfriend and his cousin were enjoying a

night out near Fisherman's Wharf in San Francisco.

19. PLAINTIFF, his girlfriend and his cousin had finished dining and where headed back to their car when PLAINTIFF's girlfriend realized that her wallet had been stolen from her purse. PLAINTIFF's girlfriend became upset as she realized that she had been victimized by a thief in the popular tourist destination.

20. PLAINTIFF, his girlfriend and his cousin had walked back to their parked car, at or near the intersection of Powell Street and Beach Street, near Pier 39.

21. PLAINTIFF was consoling his girlfriend about the theft and the two were leaning against the car and were engaged in hugging and kissing each other.

22. While they were in an embrace and unbeknownst to PLAINTIFF, San Francisco Police Officers arrived at the scene.

23. PLAINTIFF heard some yelling but had no reason to know the yelling was from police officers and that they were directing their yelling towards his person. Two or more Police Officers abruptly grabbed PLAINTIFF with vicious force and began to beat him mercilessly with their batons.

24. PLAINTIFF, his girlfriend and his cousin are readily recognizable as African Americans.

25. PLAINTIFF was shocked that the attack was occurring and begged with the officers to stop the outrageous attack and asked what was going on. PLAINTIFF's girlfriend also pleaded with the officers to stop the beating as it continued.

26. Police Officers attempted to strike PLAINTIFF with a baton in his head and neck region, which would have likely resulted in death or sever head and brain injuries. However, PLAINTIFF blocked these horrendous blows with his hands and wrists, which caused severe injuries, including a severely broken wrist.

27. While PLAINTIFF was on the ground, sustaining repeated blows, other responding officers facilitated the attack by allowing the officers to continue the beating.

28. PLAINTIFF was then placed in metal handcuff's, and while in the physical restraints, was again struck by a baton by an unidentified officer.

29. PLAINTIFF believes he was struck with batons between ten and fifteen times.

30. At some point during the initial attack, PLAINTIFF lost consciousness due to the acute pain he was suffering.

31. In addition, because officers failed to properly stabilize PLAINTIFF's leg, there was further damage done to the broken bone when officers attempted to move PLAINTIFF after he became unconscious. The pain that PLAINTIFF felt due to the moving of his person and the broken leg awakened him from his pain induced unconsciousness.

32. PLAINTIFF was obviously injured, and pleaded with the officers for medical attention, yet unidentified officers continued to push him while he was on the ground, while in handcuffs, and waited an unreasonable amount of time before summoning an ambulance to transfer PLAINTIFF to a nearby hospital.

33. PLAINTIFF was rushed to the hospital for treatment with severe injuries. Before being taken into surgery, an unidentified District Attorney investigator entered PLAINTIFF's room, told PLAINTIFF and his family members that they were Internal Affairs detectives, took statements from PLAINTIFF and his family members, and attempted to record a conversation between PLAINTIFF and his girlfriend by leaving a recording device in the room after the investigator left.

34. PLAINTIFF was then taken into surgery, where he had operations performed on his arm, to repair a severely fractured wrist in which metal pins were inserted to hold the bone in place,

as well as an operation on his leg to repair the broken bone. In addition, PLAINTIFF required stitches to close a large laceration on his other leg.

35. The harassment and intimidation by COUNTY employees continued with police officers fabricating a story about Domestic Violence between PLAINTIFF and his girlfriend. This grossly false and slanderous action was presented to a superior court judge who then placed an unnecessary and unjustified emergency protective order on PLAINTIFF, effectively depriving him of the ability to have his girlfriend present in his room while he recovered from his injuries and surgeries.

36. The next day, while PLAINTIFF was in the care of doctors and confined to his hospital bed, five unidentified officers from the COUNTY forced entry into PLAINTIFF's room, removed medical personnel, and attempted to threaten PLAINTIFF to remain silent about the attach and to coerce PLAINTIFF into not seeking legal representation for the beating.

37. Plaintiff requested that the officers leave immediately and called his attorney, which prompted officers to serve PLAINTIFF with the aforementioned emergency protective order and removed his girlfriend from the room with all of her belongings.

38. The conduct of the COUNTY employees and attempted intimidation and coercion of PLAINTIFF prompted hospital security to tighten security around PLAINTIFF's room.

39. COUNTY employees have further conspired to conceal the truth of this outrageous attack on PLAINTIFF by refusing to release video evidence, releasing the names of the officers involved and have instructed third party entities with knowledge of the incident to not release critical evidence.

## DAMAGES

40. PLAINTIFF was physically, mentally, and emotionally injured as a direct and proximate

result of the brutal attack on his person, including but not limited to: physical injuries to his arm, legs, torso including severe nerve damage in his extremities; and emotional damage resulting in a fear of government officials and post-traumatic stress related illnesses as a consequence of Defendants violations of his federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendment's.

41. PLAINTIFF is entitled to recover damages pursuant to the pain and suffering he endured as a result of his civil rights being violated and the tortious acts by defendant's, inclusive.

42. PLAINTIFF found it necessary to engage the services of private counsel to vindicate his rights under the law. PLAINTIFF is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

**(Violation of the Fourth Amendment to the United States Constitution)**

**(42 U.S.C. § 1983)**

**(Spiers v. City and County of San Francisco; DOES 1-50 inclusive)**

43. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 42 of this complaint.

44. Defendants' above described conduct violates PLAINTIFF's right, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable force against him.

45. PLAINTIFF was forced to endure great pain and suffering because of the COUNTY and its employee's conduct.

46. Defendants acted under color of law by viciously beating PLAINTIFF without lawful

justification and subjecting PLAINTIFF to excessive force thereby depriving PLAINTIFF of certain constitutionally protected rights, including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Monell Claim: 42 U.S.C. § 1983)**

**(Spiers v. City and County of San Francisco)**

47. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-46 of this Complaint.

48. The COUNTY had a duty to adequately train, supervise and discipline their deputy officers in order to protect members of the public, including PLAINTIFF, from being harmed by police officers unnecessarily.

49. The COUNTY was deliberately indifferent to such duties and thereby proximately caused injury to PLAINTIFF as complained herein. The COUNTY received a blistering assessment by the U.S. Department of Justice in October 2016, which found a "department with concerning deficiencies" with excessive and unlawful use of force and racism/biased policing efforts that are still rampant in the department. The report contained over 270Cap recommendations for the Department to implement.

50. PLAINTIFF is informed and believes that little if any of the corrective actions and recommendations in the report have been implemented. Those actions included trainings which would correct the use of batons by officers as well as trainings to address rampant racism and implicit biased throughout the department. In addition, the public inaction by the department has created an atmosphere in which officers believe they may act with impunity

when engaging in unlawful conduct, as the Department itself seems uninterested in complying with federal recommendations.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Bane Act Violation – CA Civ Code § 52.1)**

**(Spiers v. City and County of San Francisco; DOES 1-50 inclusive)**

51. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-50 of this Complaint.

52. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

53. DOES 1-50 intentionally threatened, perpetrated physical harm upon, and interfered with PLAINTIFF's state and federal statutory and Constitutional rights.

54. PLAINTIFF's rights which were interfered with include, but are not limited to: right to association, due process, privacy, travel and protection from bodily harm.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**(Battery)**

**(Spiers v. City and County of San Francisco; DOES 1-50 inclusive)**

55. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-54 of this Complaint.

56. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

57. COUNTY and DOES 1-50 perpetrated an intentional vicious physical attack on PLAINTIFF, and repeatedly battered him by forcefully striking him in the head, arms, and legs. DOES 1-50 had the requisite intent to make physical contact and inflict pain and suffering on PLAINTIFF.

58. PLAINTIFF has a right to be free from unwanted or unwarranted contact with his person and this right was violated by Defendants actions or omissions, inclusive.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

(Assault)

(Spiers v. City and County of San Francisco; DOES 1-50 inclusive)

59. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-58 of this Complaint.

60. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable

in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

61. DOES 1-50 caused PLAINTIFF to fear that he was going to be beaten and possibly killed.

62. DOES 1-50 beat PLAINTIFF without cause. Defendants conduct was neither privileged nor justified under statute or common law.

63. As a result of Defendants acts, PLAINTIFF was in fact placed in great apprehension of imminent harmful and offensive contact with his person.

64. At no time did PLAINTIFF consent to any of the acts by the Defendants as alleged hereinabove.

65. Defendants conduct as described above caused PLAINTIFF to be apprehensive that Defendants would subject him to further intentional invasions of his right to be free from offensive and harmful contact and demonstrated that at all time's herein, Defendants had a present ability to subject him to an intentional offensive and harmful touching.

66. As a direct and proximate result of Defendants unlawful conduct as alleged hereinabove, PLAINTIFF has suffered physical injury, sever emotional distress, humiliation, embarrassment, mental and emotional distress, anxiety and economic harm.

67. PLAINTIFF has a right to be free from fear of unwanted or unwarranted contact with his person and his rights were violated by Defendants' action or omissions, inclusive.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

**(Spiers v. City and County of San Francisco; DOES 1-50 inclusive)**

68. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-67 of this Complaint.

69. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

70. DOES 1-50 perpetrated a vicious physical attack on PLAINTIFF, repeatedly beating him. The Defendant's then, after the initial attack, conspired to inflict further emotional distress, beyond the beating, by entering PLAINTIFF's hospital room with the intent of threatening and coercing PLAINTIFF to not seek legal help or otherwise communicate with others about the attack.

71. PLAINTIFF has a right to be free from such callous actions aimed at inflicting mental and emotional damage and this right was violated by said Defendants, inclusive.

WHEREOFRE, PLAINTIFF prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

**(Intentional Misrepresentation – CA Civ Code §1710)**

**(Spiers v. City and County of San Francisco; DOES 1-50 inclusive)**

72. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-71 of the Complaint.

73. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope

of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

74. DOES 1-50 intentionally made fraudulent and intentional misrepresentations to a superior court judge in order to obtain an emergency protective order against PLAINTIFF.

75. The emergency protective order was served on PLAINTIFF while he was recovering from the brutal attack and subsequent surgery in the hospital and created great emotional and mental harm to PLAINTIFF, who has never been physically violent to his girlfriend, or any other woman. The officers alleged investigation was fraudulent, lacking integrity and self-serving, if it actually occurred at all.

76. California Civil Code §1710 identifies intentional misrepresentation as a form of fraud. DOES 1-50 misrepresented a fact that they knew was false and induced reliance on said fraudulent claim resulting in injury to PLAINTIFF.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

**(Constructive Fraud – CA Civ Code §1573)**

**(Spiers v. City and County of San Francisco; DOES 1-50 inclusive)**

77. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-76 of the Complaint.

78. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable

in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

79. DOES 1-50 actively concealed relevant information on multiple instances throughout this horrific incident.

80. First and foremost, DOES 1-50 concealed relevant and pertinent information from a superior court Judge when obtaining an emergency protective order. This resulted in serious emotional damage to PLAINTIFF, who has never been violent with his girlfriend, and was in fact emotionally consoling her during this brutal attack. Officers had a legal duty to act within the scope of the law by being truthful in relaying facts about this case to appropriate levers of government.

81. Secondly, the San Francisco Police Department has breached its legal duty by refusing to disclose information that has been lawfully requested through information requests. Namely, PLAINTIFF has sought information related to this incident by filing Freedom of Information Act and similar requests of the department.

82. The COUNTY has refused to disclose this information, citing on-going investigations. This act or omission is simply a stall tactic and one that has caused PLAINTIFF great emotional harm as he does not know which officers perpetrated this outrageous attack on his person, nor does he know what the COUNTY is doing about it from an administrative function. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

**(Negligence)**

**(Spiers v. City and County of San Francisco; DOES 1-50 inclusive)**

83. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-82 of the Complaint,

except for any and all allegations of intentional, malicious, extreme, outrageous, wanton or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

84. In the alternative, PLAINTIFF alleges Defendant's negligent actions and/or negligent failure to act within the scope and course of their employment with the COUNTY, as set forth hereinabove approximately caused severe physical injury to PLAINTIFF.

85. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

86. As an actual and proximate result of said Defendants' negligence and physical injuries sustained by PLAINTIFF, PLAINTIFF has sustained pecuniary loss resulting from the loss of comfort, society, attention and services, in an amount to be determined at trial.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress)**

**(Spiers v. City and County of San Francisco; DOES 1-50 inclusive)**

87. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-86 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

88. In the alternative, PLAINTIFF alleges Defendants' negligent actions and/or negligent failure

to act within the scope and course of their employment with the COUNTY, as set forth herein-above approximately cause severe physical injury and serious emotion distress to PLAINTIFF.

89. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

90. Defendants' negligence was a substantial factor in causing PLAINTIFF serious emotional distress including both physical and emotional suffering, fright, nervousness, anxiety, worry, shock, humiliation, and shame.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

**(Negligent Misrepresentation – CA Civ Code §1710)**

**(Spiers v. City and County of San Francisco; DOES 1-50 inclusive)**

91. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-90 of the Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

92. In the alternative, PLAINTIFF alleges Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with the COUNTY, as set forth herein-above approximately cause serious emotion distress to PLAINTIFF.

93. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-50 were acting within the course and scope of their employment and/or agency with COUNTY. As such, Defendant COUNTY is liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50 pursuant to § 815.2 of the California Government Code.

94. DOES 1-50 made fraudulent misrepresentations to a superior court judge in order to obtain an emergency protective order against PLAINTIFF.

95. The emergency protective order was served on PLAINTIFF while he was recovering from the brutal attack and subsequent surgery in the hospital and created great emotional and mental harm to PLAINTIFF, who has never been physically violent to his girlfriend, or any other woman.

96. California Civil Code §1710 identifies negligent misrepresentation as a form of fraud. DOES 1-50 misrepresented a fact that they should have known was false and induced reliance on said fraudulent claim resulting in injury to PLAINTIFF.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

97. **PLAINTIFF hereby demands a jury trial**.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief, as follows:

For general damages in a sum according to proof;

For special damages, including but not limited to, past, present and/or future wage loss,

medical expenses and other special damages to be determined according to proof;

For punitive and exemplary damages against each defendant in a sum according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. § 794(a);

For all other relief to which the Court deems just and proper.

**Dated: February 24, 2020**                                  __/s/ Jamir Davis_____
                                                              Attorney for Plaintiff


                                                              __/s/ Michael Seville____
                                                              Attorney for Plaintiff