DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
RAYMOND R. ROLLAN, State Bar #304548
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3888
Facsimile:     (415) 554-3837
E-Mail:         raymond.rollan@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; AND DOES 1-50 INDIVIDUALLY AND IN OFFICIAL CAPACITIES AS POLICE OFFICERS FOR THE CITY AND COUNTY OF SAN FRANCISCO, INCLUSIVE,<br><br>Defendants. | Case No. 20-CV-01357-JSC<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO COMPLAINT** |

Defendant City and County of San Francisco (hereinafter "Defendant") responds to the Complaint filed by plaintiff Dacari Spiers (hereinafter "Plaintiff") as follows:

## I. INTRODUCTION

1. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 1 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

2. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 2 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

3. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 3 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

4. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 4 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

5. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 5 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

6. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 6 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

7. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 7 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

8. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 8 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

9. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 9 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

10. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

11. Defendant admits that Plaintiff's action purports to seek damages for the violation of Mr. Spiers' rights.

## II. JURISDICTION AND VENUE

12. Defendant admits that Plaintiff purports to bring this action pursuant to 42 U.S.C. Section 1983. Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. Sections 1331, 1343. Defendant admits that Plaintiff purports to support venue within this district purusant to 28 U.S.C. Section 1391(b).

## III. ADMINISTRATIVE PREREQUISITES

13. Defendants lack information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 13 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

## IV. PARTIES

14. Defendant lacks information sufficient to enable them to form a belief as to the truth of this allegation.

15. Defendant admits that the City of San Francisco is a legal entity established under the laws of the State of California with all the powers specified and necessarily implied by the Constitution of the State of California. Defendant further admits that San Francisco is a municipality located within the Northern District of California. Defendant also admits that the City and County of San Francisco operates the San Francico Police Department. Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 16 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

17. Defendant admits that during this incident, defendant police officers acted under the color of law and in the course and scope of their employment with Defendant City and County of San Francisco. Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

## V. STATEMENT OF FACTS

18. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 18 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

19. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 19 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

20. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 20 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

21. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 21 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

22. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 22 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

23. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 23 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

24. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 24 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

25. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 25 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

26. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 26 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

27. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 27 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

28. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 28 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

29. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 29 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

30. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 30 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

31. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 31 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

32. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 32 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

33. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 33 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

34. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 34 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

35. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 35 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

36. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 36 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

37. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 37 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

38. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 38 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

39. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 39 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

## VI. DAMAGES

40. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 40 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

41. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 41 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph.

42. Defendant lacks information and knowledge sufficient to enable them to respond to the allegations contained in Paragraph 42 of Plaintiff's Complaint, and on that basis, deny generally and specifically each and every allegation contained in said paragraph

## VII. CAUSES OF ACTION

### FIRST CLAIM

### (41 U.S.C. SECTION 1983 - VIOLATION OF FOURTH AMENDMENT)

43. Defendant denies generally and specifically each and every allegation contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies generally and specifically each and every allegation contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies generally and specifically each and every allegation contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies generally and specifically each and every allegation contained in Paragraph 46 of Plaintiff's Complaint.

## SECOND CLAIM

## (42 U.S.C. SECTION 1983 – MONELL)

47. Defendant denies generally and specifically each and every allegation contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies generally and specifically each and every allegation contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies generally and specifically each and every allegation contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies generally and specifically each and every allegation contained in Paragraph 50 of Plaintiff's Complaint.

## THIRD CLAIM

## (CA. CIV. CODE SECTION 52.1 – BANE ACT VIOLATION)

51. Defendant denies generally and specifically each and every allegation contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies generally and specifically each and every allegation contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies generally and specifically each and every allegation contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies generally and specifically each and every allegation contained in Paragraph 54 of Plaintiff's Complaint.

## FOURTH CLAIM

## (BATTERY)

55. Defendant denies generally and specifically each and every allegation contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies generally and specifically each and every allegation contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies generally and specifically each and every allegation contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies generally and specifically each and every allegation contained in Paragraph 58 of Plaintiff's Complaint.

## FIFTH CLAIM

## (ASSAULT)

59. Defendant denies generally and specifically each and every allegation contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies generally and specifically each and every allegation contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies generally and specifically each and every allegation contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies generally and specifically each and every allegation contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies generally and specifically each and every allegation contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies generally and specifically each and every allegation contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies generally and specifically each and every allegation contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies generally and specifically each and every allegation contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies generally and specifically each and every allegation contained in Paragraph 67 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

68. Defendant denies generally and specifically each and every allegation contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant denies generally and specifically each and every allegation contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies generally and specifically each and every allegation contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant denies generally and specifically each and every allegation contained in Paragraph 71 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION

## (CA. CIV. CODE SECTION 1710 – INTENTIONAL MISREPRESENTATION)

72. Defendant denies generally and specifically each and every allegation contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendant denies generally and specifically each and every allegation contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies generally and specifically each and every allegation contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant denies generally and specifically each and every allegation contained in Paragraph 75 of Plaintiff's Complaint.

76. Defendant denies generally and specifically each and every allegation contained in Paragraph 76 of Plaintiff's Complaint.

## EIGHT CAUSE OF ACTION

## (CA. CIV. CODE SECTION 1573 – CONSTRUCTIVE FRAUD)

77. Defendant denies generally and specifically each and every allegation contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendant denies generally and specifically each and every allegation contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendant denies generally and specifically each and every allegation contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendant denies generally and specifically each and every allegation contained in Paragraph 80 of Plaintiff's Complaint.

81. Defendant denies generally and specifically each and every allegation contained in Paragraph 81 of Plaintiff's Complaint.

82. Defendant denies generally and specifically each and every allegation contained in Paragraph 82 of Plaintiff's Complaint.

### NINTH CLAIM

### (NEGLIGENCE)

83. Defendant denies generally and specifically each and every allegation contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies generally and specifically each and every allegation contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies generally and specifically each and every allegation contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies generally and specifically each and every allegation contained in Paragraph 86 of Plaintiff's Complaint.

### TENTH CLAIM

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

87. Defendant denies generally and specifically each and every allegation contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendant denies generally and specifically each and every allegation contained in Paragraph 88 of Plaintiff's Complaint.

89. Defendant denies generally and specifically each and every allegation contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendant denies generally and specifically each and every allegation contained in Paragraph 90 of Plaintiff's Complaint.

### ELEVENTH CLAIM

#### (CA. CIV. CODE SECTION 1710 – NEGLIGENT MISREPRESENTATION)

91. Defendant denies generally and specifically each and every allegation contained in Paragraph 91 of Plaintiff's Complaint.

92. Defendant denies generally and specifically each and every allegation contained in Paragraph 92 of Plaintiff's Complaint.

93. Defendant denies generally and specifically each and every allegation contained in Paragraph 93 of Plaintiff's Complaint.

94. Defendant denies generally and specifically each and every allegation contained in Paragraph 94 of Plaintiff's Complaint.

95. Defendant denies generally and specifically each and every allegation contained in Paragraph 95 of Plaintiff's Complaint.

96. Defendant denies generally and specifically each and every allegation contained in Paragraph 96 of Plaintiff's Complaint.

### VIII. JURY DEMAND AND PRAYER

The remainder of the Complaint constitutes Plaintiff's prayer for relief for which no response is required. But to the extent any response is necessary, Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

### SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against any Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant alleges that the Complaint and each and every cause of action therein is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendant alleges that the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any from Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Defendant's Acts Not A Proximate Cause)

Defendant statea that any act or omission on the part of the answering Defendant, their agents or employees, was not the proximate cause of Plaintiff's injury.

## FIFTH AFFIRMATIVE DEFENSE

(Denial of Damages)

Defendant denies that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any Defendant.

## SIXTH AFFIRMATIVE DEFENSE

(Immunity)

Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

## SEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendant alleges that the employees, officials and agents of Defendant were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

## EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

By reason of Plaintiff's own acts and omissions, Plaintiffs are estopped from seeking any recovery from Defendant by reason of the allegations set forth in the Complaint.

///

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

(Res Judicata)

To the extent Plaintiff's failure to file a claim bars this action, the Complaint and each cause of action therein is barred by the doctrine of *res judicata* and collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

(Proper Conduct)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendant alleges that at all times and places mentioned in the Complaint, Defendant acted without malice and with a good faith belief in the propriety of their conduct.

## TWELFTH AFFIRMATIVE DEFENSE

(Acting in Good Faith)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, Defendant alleges that at all times mentioned in the Complaint, Defendant performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Privilege)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendant alleges that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Immunity: Exemplary Damages)

Defendant alleges that San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE

(Conduct Reckless and Wanton)

Defendant alleges that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; and that as a consequence, Plaintiff's claim is barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Qualified/Absolute Immunity)

As a separate defense, the employees of San Francisco are immune from any liability and protected against the burden of litigation under the doctrines of qualified immunity, absolute immunity and/or the common law immunities protecting peace officers, prosecutors and/or public officials.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Variance Between Tort Claim and Complaint)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, Plaintiff's purported causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to State Relief Under 42 U.S.C. § 1983)

Defendant alleges that Plaintiff has failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. 1983 against San Francisco, its agents, employees and particularly its police officers.

///

///

///

## NINETEENTH AFFIRMATIVE DEFENSE

(No Intent to Deprive of Constitutional Rights)

San Francisco and its agents at all times acted in good faith, reasonably, truthfully, and/or without any intent to deprive Plaintiffs of any rights under the federal or state constitutions, federal or state statutes, thereby entitling Defendant to immunity from suit.

## TWENTIETH AFFIRMATIVE DEFENSE

(Valid Law Enforcement)

Defendant alleges that all activities taken regarding the allegations in the Complaint were undertaken for valid law enforcement initiatives.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Laches)

The Complaint and each cause of action therein are barred under the doctrine of Laches due to Plaintiff's unreasonable delay in bringing the allegations herein and the resulting prejudice to Defendant based on such delay.

## ADDITIONAL AFFIRMATIVE DEFENSES

1. Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## DEMAND FOR JURY TRIAL

Defendant, and each of them, hereby demand a trial by jury on all counts of Plaintiff's complaint.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant;
2. That the Complaint against Defendant be dismissed with prejudice;

///

///

///

3. That Defendant recover their costs of suit herein, including attorneys' fees; and

4. For such other relief as is just and proper.

Dated: May 1, 2020

>DENNIS J. HERRERA
>City Attorney
>MEREDITH B. OSBORN
>Chief Trial Deputy
>RAYMOND R. ROLLAN
>Deputy City Attorney
>
>By: */s/ Raymond R. Rollan*
>    RAYMOND R. ROLLAN
>
>Attorneys for Defendant
>CITY AND COUNTY OF SAN FRANCISCO