1

JAMIR DAVIS, Esq. SBN 98041 – Pro Hac vice

2

**J. DAVIS LAW FIRM, PLLC**

106 Winging Way Unit c

3

Covington, KY 41011

Tele: 859-750-5033

4

jdavislawky@gmail.com

5

MICHAEL R. SEVILLE, Esq. SBN 278164

6

CURTIS L. BRIGGS,  Esq. SBN 284190

**SEVILLE BRIGGS, LLP**

7

3330 Geary Blvd. 3rd Floor, East

San Francisco, CA 94118

8

Tele: 415-324-8733

9

michael@sevillebriggs.com

curtis@sevillebriggs.com

10

11

ATTORNEYS FOR PLAINTIFF

12

RAYMOND ROLLAN, ESQ. SBN 304548

Deputy City Attorney

Fox Plaza

13

1390 Market Street, 6th Floor

14

San Francisco, CA 94102

TELE: 415-554-3888

15

Raymond.rollan@sfcityatty.org

16

Attorneys for Defendant

17

18

UNITED STATES DISTRICT COURT

19

NORTHERN DISTRICT OF CALIFORNIA

20

21

DACARI SPIERS,

22

     Plaintiff,

23

vs.

24

CITY AND COUNY OF SAN

FRANCISCO; DOES 1-50, INCLUSIVE

25

     Defendants.

26

27

//

28

**Case No. 20-cv-01357-JSC**

**JOINT INITIAL CASE MANAGEMENT STATEMENT**

Date:   May 28, 2020

Time:   1:30 p.m.

Courtroom: E, 15th Floor

San Francisco, California

Judge: Hon. Jacqueline Scott Corley

1    This Joint Case Management Statement is submitted pursuant to Civil Local Rule 16-9

2 and the Standing Order for All Judges in the Northern District of California jointly by Plaintiff

3 Dacari Spiers ("Plaintiff") and by Defendant City and County of San Francisco ("Defendant").

4    **1.    JURISDICTION AND SERVICE**

5    Jurisdiction:  Plaintiff's complaint invokes federal question jurisdiction by suing for

6 damages under 42 U.S.C. 1983.  Plaintiff and Defendant agree that this Court has personal

7 jurisdiction over the Defendant and that venue in the Northern District of California is proper

8 proper under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

9    Service:  Defendant was served and filed an Answer with this Court on May 1, 2020.

10    **2.    FACTS**

11    **Plaintiff's Factual Allegations:**

12    Plaintiff alleges that on the night of October 6, 2019, Plaintiff, his girlfriend, and his

13 cousin were at a restaurant in Pier 39 in San Francisco, CA. Plaintiff's girlfriend had her wallet

14 stolen, at some point during the night, and the three were returning to their car. Plaintiff was

15 consoling his girlfriend, when San Francisco police officers suddenly arrived and without notice

16 or justification, began beating Plaintiff with their department issued batons. Plaintiff was struck

17 multiple times, did not resist, and suffered severe injuries to his legs, arms, and body.

18    Plaintiff was transported to Saint Francis Memorial Hospital in San Francisco, where he

19 underwent surgery on his left leg and arm to repair badly broken bones, with his wrist requiring

20 metal pins being placed in the extremity to hold the shattered bone together. While in the

21 hospital, on multiple occasions, San Francisco police officers and other agents of the City and

22 County entered Plaintiff's room and harassed and attempted to intimidate Plaintiff. In addition,

23 officers filed a fraudulent warrant seeking a restraining order on Plaintiff so that he would not be

24 able to see his girlfriend while he recovered in the hospital. Plaintiff was forced to endure pain

25 and suffering without the companionship of his girlfriend after the order was served.

26    To date, the San Francisco Police Department has refused to provide any information

27 about the incident, defying Freedom of Information Requests and several communications from

28 Plaintiff's attorneys.

**Defendant's Statement:**

On October 6, 2019 at approximately 9:07 p.m., SFPD officers responded to a call stating that a  black male adult with dread locks, who was wearing a black jacket and black pants appeared to be choking a light complected black female adult at or near the Pier 39 public parking garage located at Powell and Beach Streets.

Upon arrival, SFPD Officers Martinez and Stangel located two individuals, Plaintiff Dacari Spiers ("Plaintiff") and Breonna Richard, who matched the description provided by the 911 caller.  Officer Martinez instructed Plaintiff to step away from the woman, but Plaintiff did not comply. Instead, Plaintiff placed his hands on Officer Martinez and pushed him back several times.

As a result, the officers had no other choice but to use force in order to subdue Plaintiff. Plaintiff actively resisted throughout the entire incident.  Plaintiff was ultimately detained and received treatment at St. Francis Hospital.  Defendants deny using excessive force.

Based on the information provided by the 911 caller regarding the assault, SFPD officers obtained an emergency protective order between Plaintiff and Ms. Richard.  The officers served this document on Plaintiff while he was at St. Francis Hospital.

Disputed Factual issues:

Defendant disputes Plaintiff's allegations related to liability and damages. Defendant disputes that the force used was unreasonable.

**3.     LEGAL ISSUES**

None at this time, outside of the allegations and causes of action in the Complaint and the denials and defenses contained in the Answer.

**4.     MOTIONS**

None at this time.

**5.     AMENDMENT OF PLEADINGS**

None at this time, though Plaintiff intends to Amend the Complaint once the identities of the officers who were present during the incident giving rise to this complaint is determined, once the identities of the officers and/or agents who entered Plaintiff's hospital room is

1   determined, and once the identities of the officers and/or agents who authored and supplied a

2   superior court judge with false information relating to an alleged domestic violence incident

3   leading to a restraining order being issued, is determined.

4       **6.      EVIDENCE PRESERVATION**

5       Counsel for the filing parties have each reviewed the Northern District of California ESI

6   Guidelines and have agreed to take all necessary steps to preserve all documents, electronic or

7   otherwise, related to this matter.

8       **7.      DISCLOSURES**

9       The filing parties will comply with the initial disclosure requirements of FRCP 26 and

10  have agreed to May 21, 2020 as the deadline.

11      **8.      DISCOVERY**

12      No discovery has occurred yet.  The filing parties do not believe a discovery conference

13  is necessary at this time.

14      **9.      CLASS ACTION**

15      This is not a class action.

16      **10.     RELATED CASES**

17      None.

18      **11.     RELIEF**

19      Plaintiff seeks general monetary damages, special damages, punitive and exemplary

20  damages, attorney's fees, and statutory damages as allowed by law.

21      Defendant:

22      Defendant contends that Defendant did not violate Plaintiff's rights and that Plaintiff is

23  not entitled to any relief.  Thus, Defendant seeks a judgment in its favor.

24      **12.     SETTLEMENT AND ADR**

25      The filing parties have agreed to an early settlement conference with the Honorable Judge

26  Joseph C. Spero to be held in late July or early August.

27      **13.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

28

Joint Case Management Statement          4                    20-cv-01357-JSC

1    The filing parties have consented to have a magistrate judge hear this case for all

2    purposes.

3    **14.    OTHER REFERENCES**

4    Other references are not appropriate at this time.

5    **15.    NARROWING OF ISSUES**

6    At this time, narrowing the issues is not necessary.  The issues may be narrowed or

7    disposed of by motions for summary judgment/partial summary judgment.

8    **16.    EXPEDITED TRIAL PROCEDURE**

9    At this time, the case does not appear to be the type of case that could be appropriately

10   handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

11   **17.    PRETRIAL SCHEDULE AND TRIAL DATE**

12        a.   Initial Disclosures: May 21, 2020

13        b.   Cut-off of non-expert Discovery: January 11 , 2021

14        c.   Mid-Status Discovery Conference: October 29, 2020

15        d.   Expert Witnesses: Disclosure:  February 9, 2021; Rebuttal: March 9, 2021;

16             Completion: March 23, 2021

17        e.   Dispositive Motions: April 19, 2021

18        f.   Pretrial Conference: June 2, 2021

19        g.   Trial: July 12, 2021

20

21   **18.    TRIAL**

22   This will be a Jury Trial and the filing parties believe the trial will last 12-15 days.

23   **19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

24   As of this date, there are no such interests to report.

25   **20.    GUIDELINES FOR PROFESSIONAL CONDUCT**

26   Counsel for the filing parties have reviewed the Guidelines for Professional conduct for

27   the Northern District.

28   **21.    OTHER MATTERS**

1    The filing parties request that the Court schedule a Case Management Conference

2  following an early settlement conference.

3

4  Dated:          May 21, 2020                    J DAVIS LAW FIRM, PLLC

5

6                                                  By: /s/ *Jamir Davis*

7                                                       JAMIR DAVIS
                                                        Attorney for Plaintiff
8                                                       DACARI SPIERS

9

10

11

12 Dated:          May 21, 2020                    DENNIS J. HERRERA
                                                   City Attorney
13                                                 MEREDITH B. OSBORN
                                                   Chief Trial Deputy
14                                                 RAYMOND R. ROLLAN
                                                   Deputy City Attorney
15

16                                                 By:  /s/ *Raymond R. Rollan*_____
                                                        RAYMOND ROLLAN
17

18                                                 Attorneys for Defendant
                                                   CITY AND COUNTY OF SAN FRANCISCO
19

20

21

22

23

24

25

26

27

28

Joint Case Management Statement            6                      20-cv-01357-JSC