DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
RAYMOND R. ROLLAN, State Bar #304548
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3888
Facsimile:     (415) 554-3837
E-Mail:        raymond.rollan@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

JAMIR DAVIS, Esq. SBN 98041 – Pro Hac vice
**J. DAVIS LAW FIRM, PLLC**
106 Winging Way Unit c
Covington, KY 41011
Tele: 859-750-5033
jdavislawky@gmail.com

Michael R. Seville
Curtis L. Briggs
Seville Briggs, LLP
3330 Geary Blvd., 3rd Fl., East
San Francisco, CA 94118
Tel.: 415-324-8733
E-Mail: MICHAEL@SEVILLEBRIGGS.COM
E-Mail: CURTIS@ SEVILLEBRIGGS.COM

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO; AND DOES 1-50 INDIVIDUALLY AND IN OFFICIAL CAPACITIES AS POLICE OFFICERS FOR THE CITY AND COUNTY OF SAN FRANCISCO, INCLUSIVE, <br><br> Defendants. | Case No. 20-CV-01357-JSC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Hearing Date:  June 25, 2020 <br> Time:          1:30 p.m. <br> Place:         Via Video |

This Joint Case Management Statement is submitted pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges in the Northern District of California jointly by Plaintiff Dacari Spiers ("Plaintiff") and by Defendant City and County of San Francisco ("Defendant").

### 1. JURISDICTION AND SERVICE

<u>Jurisdiction</u>: Plaintiff's complaint invokes federal question jurisdiction by suing for damages under 42 U.S.C. 1983. Plaintiff and Defendant agree that this Court has personal jurisdiction over the Defendant and that venue in the Northern District of California is proper under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

<u>Service</u>: Defendant was served and filed an Answer with this Court on May 1, 2020.

### 2. FACTS

**Plaintiff's Factual Allegations:**

Plaintiff alleges that on the night of October 6, 2019, Plaintiff, his girlfriend, and his cousin were at a restaurant in Pier 39 in San Francisco, CA. Plaintiff's girlfriend had her wallet stolen, at some point during the night, and the three were returning to their car. Plaintiff was consoling his girlfriend, when San Francisco police officers suddenly arrived and without notice or justification, began beating Plaintiff with their department issued batons. Plaintiff was struck multiple times, did not resist, and suffered severe injuries to his legs, arms, and body.

Plaintiff was transported to Saint Francis Memorial Hospital in San Francisco, where he underwent surgery on his left leg and arm to repair badly broken bones, with his wrist requiring metal pins being placed in the extremity to hold the shattered bone together. While in the hospital, on multiple occasions, San Francisco police officers and other agents of the City and County entered Plaintiff's room and harassed and attempted to intimidate Plaintiff. In addition, officers filed a fraudulent warrant seeking a restraining order on Plaintiff so that he would not be able to see his girlfriend while he recovered in the hospital. Plaintiff was forced to endure pain and suffering without the companionship of his girlfriend after the order was served.

To date, the San Francisco Police Department has refused to provide any information about the incident, defying Freedom of Information Requests and several communications from Plaintiff's attorneys.

Defendant's Statement:

On October 6, 2019 at approximately 9:07 p.m., SFPD officers responded to a call stating that a black male adult with dread locks, who was wearing a black jacket and black pants appeared to be choking a light complected black female adult at or near the Pier 39 public parking garage located at Powell and Beach Streets.

Upon arrival, SFPD Officers Martinez and Stangel located two individuals, Plaintiff Dacari Spiers ("Plaintiff") and Breonna Richard, who matched the description provided by the 911 caller. Officer Martinez instructed Plaintiff to step away from the woman, but Plaintiff did not comply. Instead, Plaintiff placed his hands on Officer Martinez and pushed him back several times.

As a result, the officers had no other choice but to use force in order to subdue Plaintiff. Plaintiff actively resisted throughout the entire incident. Plaintiff was ultimately detained and received treatment at St. Francis Hospital. Defendants deny using excessive force.

Based on the information provided by the 911 caller regarding the assault, SFPD officers obtained an emergency protective order between Plaintiff and Ms. Richard. The officers served this document on Plaintiff while he was at St. Francis Hospital.

**Disputed Factual issues:**

Defendant disputes Plaintiff's allegations related to liability and damages. Defendant disputes that the force used was unreasonable.

3.   **LEGAL ISSUES**

None at this time, outside of the allegations and causes of action in the Complaint and the denials and defenses contained in the Answer.

4.   **MOTIONS**

None at this time.

5.   **AMENDMENT OF PLEADINGS**

None at this time, though Plaintiff intends to Amend the Complaint once the identities of the officers who were present during the incident giving rise to this complaint is determined, once the identities of the officers and/or agents who entered Plaintiff's hospital room is determined, and once the identities of the officers and/or agents who authored and supplied a superior court judge with false

information relating to an alleged domestic violence incident leading to a restraining order being issued, is determined.

**6.     EVIDENCE PRESERVATION**

Counsel for the filing parties have each reviewed the Northern District of California ESI Guidelines and have agreed to take all necessary steps to preserve all documents, electronic or otherwise, related to this matter.

**7.     DISCLOSURES**

The filing parties have complied with the initial disclosure requirements of FRCP 26..

**8.     DISCOVERY**

Following the May 25, 2020 Initial Case Management Conference, the parties engaged in informal discovery.  On May 29, 2020 Plaintiff's counsel sent a letter to Defense counsel requesting 16 categories of records (Body worn cameras, incident reports, CAD records, personnel records, etc.) Plaintiff's counsel requested that Defendants provide all responsive records by June 11, 2020.

On June 11, 2020, Defense counsel responded to the May 29, 2020 letter.  Along with his response, Defense counsel, pursuant to the Stipulated Protective Order effective on June 5, 2020, fully produced records pertaining to six categories, partially produced records for two categories, indicated that it is still waiting for department records pertaining to five categories, and did not possess documents related to three categories (SFDA related records). The reason for the partial production is that Defense counsel has received some, but not all responsive records from SFPD.  The department is working expeditiously to produce these records, but has expressed practical limitations and setbacks due to staffing impacts caused by COVID-19 and recent events. In the letter, Defense counsel indicated that Defendants have endeavored in good faith to fully comply with the request, and that Defendants anticipate a second round of production within two to three weeks.  Defense counsel acknowledged that the request for more time encroaches on the upcoming June 25, 2020 case management conference.  In that letter, Defense counsel also requested documents and information from Plaintiff.

On June 17, 2020, the parties met and conferred telephonically regarding the informal document exchange.  During that call, Plaintiff's counsel was agreeable to Defense counsel's request for more time and to have Defendants produce the remaining documents by July 2, 2020.

**9. CLASS ACTION**

This is not a class action.

**10. RELATED CASES**

None.

**11. RELIEF**

Plaintiff seeks general monetary damages, special damages, punitive and exemplary damages, attorney's fees, and statutory damages as allowed by law.

Defendant:

Defendant contends that Defendant did not violate Plaintiff's rights and that Plaintiff is not entitled to any relief.  Thus, Defendant seeks a judgment in its favor.

**12. SETTLEMENT AND ADR**

The filing parties have agreed to an early settlement conference with the Honorable Judge Joseph C. Spero.  The parties anticipate completing informal discovery exchange by July 2, 2020 and will be well positioned to meaningfully participate in an early settlement conference by late July or early August.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The filing parties have consented to have a magistrate judge hear this case for all purposes.

**14. OTHER REFERENCES**

Other references are not appropriate at this time.

**15. NARROWING OF ISSUES**

At this time, narrowing the issues is not necessary.  The issues may be narrowed or disposed of by motions for summary judgment/partial summary judgment.

**16. EXPEDITED TRIAL PROCEDURE**

At this time, the case does not appear to be the type of case that could be appropriately handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17. PRETRIAL SCHEDULE AND TRIAL DATE**

Following the Initial Case Management Conference, the Court set trial for July 12, 2021.

**18. TRIAL**

This will be a Jury Trial and the filing parties believe the trial will last 12-15 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

As of this date, there are no such interests to report.

**20. GUIDELINES FOR PROFESSIONAL CONDUCT**

Counsel for the filing parties have reviewed the Guidelines for Professional conduct for the Northern District.

**21. OTHER MATTERS**

The filing parties request that the Court schedule a Case Management Conference following an early settlement conference.

Dated: June 17, 2020

          DENNIS J. HERRERA
          City Attorney
          MEREDITH B. OSBORN
          Chief Trial Deputy
          RAYMOND R. ROLLAN
          Deputy City Attorney

By: */s/ Raymond R. Rollan*
     RAYMOND R. ROLLAN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

Dated: June 18, 2020        J DAVIS LAW

By: */s/ Jamir Davis*
     JAMIR DAVIS
     MICHAEL R. SEVILLE
     CURTIS L. BRIGGS

Attorneys for Plaintiff
DACARI SPIERS