DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
RAYMOND R. ROLLAN, State Bar #304548
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3888
Facsimile:      (415) 554-3837
E-Mail:         raymond.rollan@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; AND DOES 1-50 INDIVIDUALLY AND IN OFFICIAL CAPACITIES AS POLICE OFFICERS FOR THE CITY AND COUNTY OF SAN FRANCISCO, INCLUSIVE,<br><br>        Defendants. | Case No. 20-CV-01357-JSC<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |

**INTRODUCTION**

Defendant City and County of San Francisco ("Defendants") respectfully submits this Administrative Motion inviting the Court to consider whether *Breonna Richard v. City and County of San Francisco*, Case no. 4:20-cv-04276-KAW filed on July 13, 2020, should be related to the case listed in Section I, under Local Rule 3-12.

I.   **RELATED CASES**

The *Richard* case appears to be related to *Dacari Spiers v. City and County of San Francisco, et al.*, Case No. 20-CV-01357-JSC ("*Spiers*"), currently pending before the Honorable Jacqueline Scott Corley.

II.   **LEGAL STANDARD**

Under Civil Local Rule 3-12(a), "[a]n action is related to another when (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."  A party that believes that an action may be related to another action that 'is or was' pending in this District "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R. 7-11." Civil L. R. 3-12(b).

III.   **RELATIONSHIP OF THE ACTIONS**

In the course of preparing a motion to dismiss the *Richard* action, the undersigned counsel (who is also counsel for the City in the *Spiers* action) has come to believe that *Richard* and *Spiers* may be related cases within the meaning of Local Rule 3-12(a)(1).  Defendant files this Motion and submits the following information to assist the Court in considering whether the *Richard* and *Spiers* actions are related.

First, actions may be considered to "concern substantially the same parties, property, transaction, or event" under Local Rule 3-12(a)(1).  Both *Richard* and *Spiers* concern the same event, which occurred on October 6, 2019 by Pier 39 in San Francisco, California.  Ms. Richard is the boyfriend of Mr. Dacari Spiers*,* and her Complaint regards the same incident that forms the basis of Mr. Spiers' Complaint. Further, while the two actions are brought by different parties, there appears to be a substantial overlap in factual allegations, witnesses, and claims.

Local Rule 3-12(a)(1) does not require related cases to contain identical allegations, only that they be substantially the same.  *See, e.g. Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, Nos. 14-cv-1130 SC, 14-4365 SC, 2015 U.S. Dist. LEXIS 94997, at *38 (N.D. Cal. July 20, 2015) (relating cases involving "substantially the same matter" despite "slightly differing parties" and "a

different underlying FOIA request"); *In re Leapfron Enters., Inc. Sec. Litig.,* No. 03-cv-5421 RMW, 2005 U.S. Dist. LEXIS 44899, at *3-6 (N.D. Cal. July 5, 2005) (relating cases involving different plaintiffs that "name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act").  The *Richard* and *Spiers* matters meet that standard with regard to the overlapping allegations and claims described above.

Second, relating these cases may also be considered to avoid an "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges under Civil Local Rule 3-12(a)(2).  Relating these two cases will also conserve judicial resources, especially since the *Spiers* case is still early in litigation (parties have not conducted formal discovery).  *See e.g., Pepper v. Apple,* No. 11-cv-06714 YGR, 2019 U.S. Dist. LEXIS 143264, at *7 (N.D. Cal Aug. 22, 2019) (relation of cases appropriate to avoid "unnecessary duplication of *judicial effort and resources*") (emphasis in original).

## CONCLUSION

Because *Richard* and *Spiers* may be considered to contain substantively similar factual allegations and claims, and because relating the case may conserve judicial resources, Defendant respectfully invites this Court to consider relating the two cases.


Dated: August 13, 2020

> DENNIS J. HERRERA
> City Attorney
> MEREDITH B. OSBORN
> Chief Trial Deputy
> RAYMOND R. ROLLAN
> Deputy City Attorney
>
>
> By: */s/ Raymond R. Rollan*
> RAYMOND R. ROLLAN
>
> Attorneys for Defendant
> CITY AND COUNTY OF SAN FRANCISCO