1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  MEREDITH B. OSBORN, State Bar #250467
   Chief Trial Deputy
3  RAYMOND R. ROLLAN, State Bar #304548
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3888
6  Facsimile:     (415) 554-3837
   E-Mail:        raymond.rollan@sfcityatty.org
7
8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9
   JAMIR DAVIS, ESQ. SBN 98041 – PRO HAC VICE
10 **J. DAVIS LAW FIRM, PLLC**
   106 WINGING WAY UNIT C
11 COVINGTON, KY 41011
   TELE: 859-750-5033
12 JDAVISLAWKY@GMAIL.COM
13
   Michael R. Seville, SBN 278164
14 Curtis L. Briggs, SBN 284190
   Seville Briggs, LLP
15 3330 Geary Blvd., 3rd Fl., East
   San Francisco, CA 94118
16 Tel.: 415-324-8733
   E-Mail: MICHAEL@SEVILLEBRIGGS.COM
17 E-Mail: CURTIS@ SEVILLEBRIGGS.COM
18 Attorneys for Plaintiff DACARI SPIERS
19 JAMIR DAVIS, ESQ. SBN 98041 – PRO HAC VICE
   **J. DAVIS LAW FIRM, PLLC**
20 P.O. Box 122123
   Covington, KY 41011
21 Tele: 859-750-5033
   E-mail: jdavislawky@gmail.com
22
   James R. Doyle, SBN 309037
23 TOFER & ASSOCIATES, PLC
   8889 W. Olympic Blvd., Penthouse
24 Beverly Hills, CA 90211
   Telephone No.: (310) 277-9000
25 Facsimile No.: (213) 492-0012
   E-mail: james@toferlaw.com
26
   Attorneys for Plaintiff BREONNA RICHARD
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DACARI SPIERS,

      Plaintiffs,

      vs.

CITY AND COUNTY OF SAN
FRANCISCO; AND DOES 1-50
INDIVIDUALLY AND IN OFFICIAL
CAPACITIES AS POLICE OFFICERS FOR
THE CITY AND COUNTY OF SAN
FRANCISCO, INCLUSIVE,

      Defendants.

Case No. 20-CV-01357-JSC

**JOINT FURTHER CASE MANAGEMENT
STATEMENT**

Hearing Date:    November 12, 2020
Time:    1:30 p.m.
Place:    Video Conference

      This Joint Case Management Statement is submitted pursuant to Civil Local Rule 16-9 and the
Standing Order for All Judges in the Northern District of California jointly by Plaintiff Dacari Spiers,
Plaintiff Breonna Richard ("Plaintiffs") and by Defendant City and County of San Francisco
("Defendant").

      **1.    JURISDICTION AND SERVICE**

      <u>Jurisdiction</u>:  Plaintiffs' complaint invokes federal question jurisdiction by suing for damages
under 42 U.S.C. 1983.  Plaintiffs and Defendant agree that this Court has personal jurisdiction over the
Defendant and that venue in the Northern District of California is proper under 28 U.S.C. §§
1391(b)(1) and (b)(2).

      <u>Service</u>:  Defendant was served and filed an Answer with this Court on May 1, 2020.

      **2.    FACTS**

      **Plaintiffs Factual Allegations:**

      Plaintiff alleges that on the night of October 6, 2019, Plaintiff, his girlfriend, and his cousin
were at a restaurant in Pier 39 in San Francisco, CA. Plaintiff's girlfriend had her wallet stolen, at
some point during the night, and the three were returning to their car. Plaintiff was consoling his
girlfriend, when San Francisco police officers suddenly arrived and without notice or justification,
began beating Plaintiff with their department issued batons. Plaintiff was struck multiple times, did not
resist, and suffered severe injuries to his legs, arms, and body. Plaintiff's girlfriend confirmed to

officers that she had not been harmed by Plaintiff and her missing wallet was recovered from a garbage can by officers.

Plaintiff was transported to Saint Francis Memorial Hospital in San Francisco, where he underwent surgery on his left leg and arm to repair badly broken bones, with his wrist requiring metal pins being placed in the extremity to hold the shattered bone together. While in the hospital, on multiple occasions, San Francisco police officers and other agents of the City and County entered Plaintiff's room and harassed and attempted to intimidate Plaintiff. In addition, officers filed for an untrue emergency protective order having no physical evidence of domestic violence so Plaintiff would not be able to see his girlfriend while he recovered in the hospital. Plaintiff was forced to endure pain and suffering without the companionship of his girlfriend after the order was served.

**Disputed Factual issues:**

Plaintiff disputes allegations related to him pushing an officer and the statement by Defendant is inconsistent with video evidence. Plaintiff disputes that the use of force was reasonable and contends that all force used was inconsistent with department, state, and federal guidelines.

**Defendant's Statement:**

On October 6, 2019 at approximately 9:07 p.m., SFPD officers responded to a call stating that a black male adult with dread locks, who was wearing a black jacket and black pants appeared to be choking a light complected black female adult at or near the Pier 39 public parking garage located at Powell and Beach Streets.

Upon arrival, SFPD Officers Martinez and Stangel located two individuals, Plaintiff Dacari Spiers ("Spiers") and Breonna Richard ("Richard"), who matched the description provided by the 911 caller. Officer Martinez instructed Spiers to step away from Richard, but Spiers did not comply. Instead, Spiers placed his hands on Officer Martinez and pushed him back several times.

As a result, the officers had no other choice but to use force in order to subdue Spiers. Spiers actively resisted throughout the entire incident. Spiers was ultimately detained and received treatment at St. Francis Hospital. Defendants deny using excessive force.

Based on the information provided by the 911 caller regarding the assault, SFPD officers obtained an emergency protective order between Spiers and Richard. The officers served this document on Spiers while he was at St. Francis Hospital.

1

**Disputed Factual issues:**

2
3

Defendant disputes Plaintiffs' allegations related to liability and damages. Defendant disputes that the force used was unreasonable.

4

**3.      LEGAL ISSUES**

5
6

None at this time, outside of the allegations and causes of action in the Complaint and the denials and defenses contained in the Answer.

7

**4.      MOTIONS**

8

None at this time.

9

**5.      AMENDMENT OF PLEADINGS**

Plaintiffs:

10
11
12
13
14
15
16
17
18

Plaintiff Dacari Spiers has been unable to amend his complaint because of delays in receiving documentation and video evidence from Defendant. Plaintiff has not received adequate responses for two subpoenas. The documentation and video evidence are necessary for Plaintiff to properly name all individuals involved and potentially add causes of action. Furthermore, Defendants generally objected to a number of Plaintiffs interrogatories and requests for production, which sought specific information about the officers involved. On November 3, 2020 Plaintiff formally communicated with Defendant to clarify its requests. Plaintiff has agreed to provide Defendant until November 17, 2020 to submit the remaining documentation and video evidence. Plaintiff will need adequate time to review missing documentation prior to amending the pleadings.

19
20
21

Plaintiff Richard's complaint was drafted prior to body worn camera footage being released. At the request of Defendant's counsel, Plaintiff's counsel is now reviewing its allegations to ensure they are consistent with the available evidence.

22

Defendant:

23
24
25
26

Following the consolidation of this matter, and prior to the filing of Defendant's Answer to Richard's Complaint, defense counsel communicated with Richard's counsel regarding amendment of her Complaint. This request was made since some of the allegations in Richard's complaint are inconsistent with information and documents in Richard's counsel' possession.

27

**6.      EVIDENCE PRESERVATION**

28

Counsel for the filing parties have each reviewed the Northern District of California ESI Guidelines and have agreed to take all necessary steps to preserve all documents, electronic or otherwise, related to this matter.

**7.   DISCLOSURES**

Spiers and Defendant have complied with the initial disclosure requirements of FRCP 26. This is the parties' first appearance in the Richard matter.

**8.   DISCOVERY**

Following the May 25, 2020 Initial Case Management Conference, counsel for Spiers and Defendant engaged in informal discovery.  The informal discovery was conducted for the purpose of participating in an early settlement conference on August 13, 2020.  The case did not resolve.  Spiers and Defendant are in the process of exchanging formal written discovery.  Richard and Defendant have not initiated discovery.

**9.   CLASS ACTION**

This is not a class action.

**10.   RELATED CASES**

On August 13, 2020 Defendant filed an administrative motion to relate the Spiers action to *Breonna Richard v. City and County of San Francisco, et al.*, Case no. 4:20-cv-04276-KAW. The Court related the matter on August 20, 2020.

**11.   RELIEF**

Plaintiff seeks general monetary damages, special damages, punitive and exemplary damages, attorney's fees, and statutory damages as allowed by law.

Defendant:

Defendant contends that Defendant did not violate Plaintiff's rights and that Plaintiff is not entitled to any relief.  Thus, Defendant seeks a judgment in its favor.

**12.   SETTLEMENT AND ADR**

On August 13, 2020, the parties participated in a settlement conference with the Honorable Judge Joseph C. Spero.  The case did not resolve.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The filing parties have consented to have a magistrate judge hear this case for all purposes.

**14.     OTHER REFERENCES**

Other references are not appropriate at this time.

**15.     NARROWING OF ISSUES**

At this time, narrowing the issues is not necessary.  The issues may be narrowed or disposed of by motions for summary judgment/partial summary judgment.

**16.     EXPEDITED TRIAL PROCEDURE**

At this time, the case does not appear to be the type of case that could be appropriately handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.     PRETRIAL SCHEDULE AND TRIAL DATE**

Following the Initial Case Management Conference, the Court set trial for July 12, 2021.

**18.     TRIAL**

This will be a Jury Trial and the filing parties believe the trial will last 12-15 days.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

As of this date, there are no such interests to report.

**20.     GUIDELINES FOR PROFESSIONAL CONDUCT**

Counsel for the filing parties have reviewed the Guidelines for Professional conduct for the Northern District.

///

///

///

///

///

///

///

///

///

///

///

///

**21.    OTHER MATTERS**

None at this time.

Dated: November 5, 2020

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
RAYMOND R. ROLLAN
Deputy City Attorney

By: */s/ Raymond R. Rollan*
RAYMOND R. ROLLAN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

Dated: November 5, 2020                    J. DAVIS LAW

By: */s/ Jamir Davis*
JAMIR DAVIS
MICHAEL R. SEVILLE
CURTIS L. BRIGGS

Attorneys for Plaintiff
DACARI SPIERS

Dated: November 5, 2020                    J. DAVIS LAW

By: */s/ Jamir Davis*
JAMIR DAVIS
JAMES R. DOYLE

Attorneys for Plaintiff
BREONNA RICHARD