1  JAMIR DAVIS, Esq. SBN 98041 Pro Hac Vice
   **J. DAVIS LAW FIRM, PLLC**
2  P.O. BOX 122123
3  COVINGTON, KY 41011
   TELE: 859-750-5033
4  JDAVISLAWKY@GMAIL.COM

5  MICHAEL R. SEVILLE, Esq. SBN 278164
   CURTIS L. BRIGGS, Esq. SBN 284190
6  **SEVILLE BRIGGS, LLP**
7  3330 GEARY BLVD. 3RD FLOOR, EAST
   SAN FRANCISCO, CA 94118
8  TELE: 415-324-8733
   MICHAEL@SEVILLEBRIGGS.COM
9  CURTIS@SEVILLEBRIGGS.COM

10
   ATTORNEYS FOR PLAINTIFF
11
12                          **UNITED STATES DISTRICT COURT**
13                          **NORTHERN DISTRICT OF CALIFORNIA**
14

| DACARI SPIERS, | CASE NO.  20-cv-01357-JSC |
|---|---|
| Plaintiff, | |
| v. | **NOTICE OF AUTOMATIC WAIVER OF CONFIDENTIALITY** |
| CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-50 individually and in official capacities as police officers for the City and County of San Francisco, inclusive. | |
| Defendant. | |

**NOTICE OF FALURE TO MAKE A MOTION TO CONFIDENTIALITY CHALLENGE**

Plaintiff's Counsel and Defendant's Counsel entered into a Stipulated Protective Order and

the order was submitted to the Court. Section 6.1 of the order allows for "Any Party or Non-Party

1

NOTICE OF AUTOMATIC WAIVER OF CONFIDENTIALITY
*SPIERS V. CITY AND COUNTY OF SAN FRANCISCO; DOES 1-50*

may challenge a designation of confidentiality at any time." "The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge." On November 2, 2020 Plaintiff's Counsel sent Defendants Counsel written notice via email. (Exhibit A). In the written notice Plaintiff's Counsel notified Defendant's Counsel that it was challenging the confidentiality of 1) Body Worn Camera Footage of all officers at the scene of incident on October 6, 2019; and 2) Body Worn Camera Footage of all officers at St. Francis Memorial Hospital on October 10, 2019. (Exhibit B).[1]

Section 6.2 of the Protective Order requires "The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice." Plaintiff's Counsel and Defendant's Counsel met and conferred via a telephone conversation about the challenge on November 12, 2020 at approximately 1:30PM. (Exhibit C). During the phone conversation Plaintiff's Counsel explained the basis of its belief that the confidentiality designation was not proper.

Section 6.3 of the Protective Order states:

> If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

---

[1] Plaintiff's Counsel also spoke with Defendant's Counsel via phone on November 2, 2020 to give a courtesy notification that there would be a formal written challenge.

The Defendant was required to serve a motion to retain confidentiality on Monday November 23, 2020. Defendant has failed to serve a motion in accordance with Civil Local Rule 7. Therefore, Defendant has automatically waived the confidentiality designation for each challenged designation.

Date: November 30, 2020                                                       J. Davis Law Firm, PLLC

                                                                              /s/ Jamir Davis
                                                                              Jamir Davis
                                                                              Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2020, I filed a true and correct copy of the foregoing document electronically using the Courts ECF system, which will serve an electronic copy on the following counsels of record at their registered ECF electronic mail address:

**Raymond R. Rollan**
Raymond.Rollan@sfcityatty.org
Deputy City Attorney
Office of City Attorney Dennis Herrera
(415) 554-3888 Direct
www.sfcityattorney.org

                                        /s/Jamir Davis
                                        JAMIR DAVIS
                                        *Counsel for Plaintiff*