1  JAMIR DAVIS, Esq. SBN 98041 Pro Hac Vice
2  **J. DAVIS LAW FIRM, PLLC**
   P.O. BOX 122123
3  COVINGTON, KY 41011
   TELE: 859-750-5033
4  JDAVISLAWKY@GMAIL.COM

5  MICHAEL R. SEVILLE, Esq. SBN 278164
   CURTIS L. BRIGGS,  Esq. SBN 284190
6  **SEVILLE BRIGGS, LLP**
7  3330 GEARY BLVD. 3RD FLOOR, EAST
   SAN FRANCISCO, CA 94118
8  TELE: 415-324-8733
   MICHAEL@SEVILLEBRIGGS.COM
9  CURTIS@SEVILLEBRIGGS.COM

10
   ATTORNEYS FOR PLAINTIFF
11
12                   **UNITED STATES DISTRICT COURT**

13                   **NORTHERN DISTRICT OF CALIFORNIA**

14

15  DACARI SPIERS,                          CASE NO.  20-cv-01357-JSC

16          Plaintiff,                      **PLAINTIFF'S NOTICE OF MOTION
                                            AND MOTION TO CHALLENGE
17                                          CONFIDENTIALITY; MEMORANDUM
                                            AND POINTS AND AUTHORITIES IN
18          v.                              SUPPORT**

19  CITY AND COUNTY OF SAN FRANCISCO;
    and DOES 1-50 individually and in official   DATE: January 21, 2021
20  capacities as police officers for the City and   TIME: 9:00 a.m.
    County of San Francisco, inclusive.     DEPT: TBD
21                                          JUDGE: Magistrate Jaqueline Scott Corley
22
23          Defendant.
24
25
26
27
28
                                          1

## NOTICE

TO DEFENDANT AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 21, 2021, at 9:00 a.m. of the above-captioned Court, before the Honorable Magistrate Jaqueline Scott Corley, pursuant to the June 4, 2020 Protective Order and Local Civil Rule 7, Plaintiff Dacari Spiers ("City" or "Defendant") hereby moves the Court for an order to remove confidentiality designation over the police body-worn camera ("BWC") footage all officers at the scene of incident on October 6, 2019 and BWC footage of all officers at St. Francis Memorial Hospital on or about October 9, 2019. Plaintiff advises the Defendant also take notice that although the June 4, 2020 Protective Order requires Plaintiff to file this motion, the burden of proof in this matter remains with the Defendant.

Said Motion will be based upon the fact that case law has deemed that BWC footage should be released because the public's interest in alleged civil rights violations of its police department is, if anything, even stronger today. Gonzalez v. City of San Jose Case No. 19 -cv-08195-NC at *7(N.D. Cal. Jul. 31, 2020).

This Motion will be based upon the June 4, 2020 Protective Order (Dkt. 37), this Notice, the accompanying Memorandum of Points and Authorities in support, with such oral and documentary materials as may be received by the Court.

Date: December 10, 2020

J. Davis Law Firm, PLLC

/s/ Jamir Davis
Jamir Davis
Attorney for Plaintiff

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

At its core, this case is a civil rights case about police brutality and blatant infringements of Plaintiff's constitutional rights, which resulted in permanent emotional and physical harm to Plaintiff.  Plaintiff is a hardworking African American father of three, who was racially profiled, brutally beaten, and later harassed by San Francisco Police Officers. The issue before the Court in this motion is whether the police body-worn camera ("BWC") footage depicting the police brutality and misconduct should remain confidential. Case law is clear that BWC footage should be released because the public's interest in alleged civil rights violations of its police department is, if anything, even stronger today. Gonzalez v. City of San Jose Case No. 19 -cv-08195-NC at *7(N.D. Cal. Jul. 31, 2020). Therefore, the confidentiality designation must be lifted.

### II. PROCEDURAL HISTORY

Protective Order, Docket. 20, Section 6 dictates the procedure of this motion. On June 1, 2020 Defendant's Counsel emailed Plaintiff's Counsel the Stipulated Protective Order for signature. At which time Defendant's Counsel made representations that the Stipulated Protective Order was, "modeled after the Northern District of California's Model" and that Defendant's Counsel had "not made any changes to the model."  (Exhibit A) Plaintiff Counsel being familiar with the Northern District of California's Model and its requirements for challenging confidentiality signed the Stipulated Protective Order and it was filed on June 4, 2020. Defendant would later reveal that the Stipulated Protective Order was in fact not the Northern District of California's Model Protective Order.

Northern District of California's Model Protective Order and the Parties Stipulated Protective Order Section 6.1 allows for "Any Party or Non-Party may challenge a designation of confidentiality at any time." "The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge." Plaintiff made a written challenge on November 2, 2020 via letter. (Exhibit B) In that letter Plaintiff's Counsel clearly articulated its position and cited applicable case law.

Northern District of California's  Model Protective Order and the Parties Stipulated Protective Order both state, "The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice." The parties met and conferred concerning the confidentiality challenge on November 12, 2020. At which time Plaintiff again cited applicable case law in support of its position. Defendant's counsel failed articulate any case law that was relevant to Plaintiff's challenge. During that conversation Plaintiff's Counsel and Defendant's Counsel also agreed that they would be unable to resolve the challenge without Court intervention and that Defendant would file a motion in accordance with Northern District of California's Model Protective Order Section 6.3.

Northern District of California's Model Protective Order Section 6.3 requires, " that if the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute." On November 30, 2020 Defendant's Counsel then emailed Plaintiff's Counsel and stated that they would file the Motion on December 2, 2020. (Exhibit C)  Plaintiff's Counsel responded on November 30, 2020 by

4

filing a Notice (Dkt. #37) with the Court stating Defendant had waived the confidentiality designation because it had failed to respond in a timely manner.

It was not until Plaintiff filed its Notice (Dkt. #37), that Defendant's Counsel revealed that the Stipulated Protective Order entered into on June 4, 2020 was not in fact the Northern District of California's Model Protective Order. Plaintiff's Counsel and Defendant's Counsel met and conferred on December 1, 2020 and agreed that Plaintiff would file the initial motion in accordance with the Stipulated Protective Order.

## III. STATEMENT OF FACTS

On the night of October 6, 2019, Plaintiff, his girlfriend, and his cousin were at a restaurant in Fisherman's Wharf  in San Francisco, CA. Plaintiff's girlfriend had her wallet stolen, at some point during the night, and the three were returning to their car. Plaintiff was consoling his girlfriend, when San Francisco police officers suddenly arrived and without notice or justification, began beating Plaintiff with their department issued batons. Plaintiff was struck multiple times, did not resist, and suffered severe injuries to his legs, arms, and body.

Plaintiff was transported to Saint Francis Memorial Hospital in San Francisco, where he underwent surgery on his left leg and arm to repair badly broken bones, with his wrist requiring metal pins being placed in the extremity to hold the shattered bone together. While in the hospital, on multiple occasions, San Francisco police officers and other agents of the City and County entered Plaintiff's room and harassed and attempted to intimidate Plaintiff. In addition, officers filed for fraudulent emergency protective order claiming Plaintiff had choked his girlfriend. Plaintiff's girlfriend was then removed from his bedside while he was in the hospital. Plaintiff was forced to endure pain and suffering without the companionship of his girlfriend after the order was

served. To date, the San Francisco Police Department has not disciplined or terminated any of the officers involved.

## IV. STANDARD OF REVIEW

### A. Burden of Proof

Although Plaintiff's Counsel has agreed to file the first motion in this matter the burden of proof remains with the Defendant because it is well established that the party seeking a confidentiality designation over materials under a protective order bears the burden of showing good cause for confidentiality. That burden remains when the confidentiality designation is challenged by another party. *In re Roman Catholic Archbishop of Portland Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). Once a challenge is made "the plaintiff need not provide that the designation is inappropriate. Rather, the defendants must show good cause of it to remain." Gonzalez v. City of San Jose Case No. 19 -cv-08195-NC at *4(N.D. Cal. Jul. 31, 2020). Furthermore, the Stipulate Protective Order entered into on June 4, 2020 does not address burden shifting and therefore the burden of proof remains on the Defendant.

### B. Waiver

Defendant may attempt to argue that Plaintiff has waived its ability to challenge confidentiality because the challenge is untimely. The Stipulated Protective Order requires Plaintiff to bring a motion before the Court within 21 days of their initial challenge on November 2, 2020.  However, the clear misrepresentation by Defendant's Counsel in claiming that Stipulated Protective Order was Northern District of California's Model Protective Order combined with the phone conversation and email correspondence confirming that Defendant's Counsel though he was responsible for filing the initial motion is evidence that there should not be a waiver of the

6

challenge because requirements for filing were miscommunicated. (Exhibit A) (Exhibit C)

Furthermore, this Court has held that miscommunication on multiple occasions should be taken into

consideration when considering weather there was a waiver. Gonzales v. City of San Jose, No. 19-

cv-08195-NC, at *5 (N.D. Cal. July 31, 2020). Therefore, Plaintiff's challenge should not be

waived.

### C.  Good Cause

1.  Particularized Harm

The analysis in deciding whether a party has shown good cause for a confidentiality

designation under Federal Rule of Civil procedure 26 and the protective order begins with an

analysis of whether the material will cause a "particularized harm." Phillips ex rel. Estates of Byrd

v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002). To show a particularized harm the party

seeking confidentiality must "allege specific prejudice or harm" that will result from disclosure. Id.

During the Parties' meet and confer communication on December 1, 2020  Defendant stated the

particularized harm in this matter is that that police officers involved will not receive a fair criminal

trail if the body camera footage is released because the jury pool will be tainted.  However, this

argument is speculative, and Defendant has not provided any evidence that there is currently a

criminal investigation of this matter. In fact, to date none of the officers involved have been

disciplined or terminated for their participation in the brutal attack of Plaintiff.  Furthermore, even if

there is an ongoing criminal investigation of the police officers that does not guarantee that the

officers will ever be indicted. Defendant's Counsel cited that the San Francisco District Attorney's

Office recently announced it will be prosecuting officers in police shooting incidence. However, the

facts of both cases cited are much different than this case because this case does not involve police

shootings.

MOTION IN OPPOSITION TO CONFIDENTILITY
*SPIERS V. CITY AND COUNTY OF SAN FRANCISCO; DOES 1-50*

Secondly, it is likely that Defendant will make an argument about officer safety. However, there are no real concerns regarding officer safety and the officers involved here do not demand anonymity because they are uniform officers who interact with the public daily. In Harmon, the Court held that if officer's identity is well known or readily obtainable there is no interest in anonymity for the interest in officer safety. *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 624 (N.D. Cal. 2018). Even if there were real concerns of officer safety this Court has held that "harm is outweighed by the public interest in transparency." .*Id at* 625 Furthermore, the procedures that officers should follow during traffic stops and investigations are already available to the public through post standards, general orders, and police training manuals.  Moreover, there are no tactical or strategic discussion articulated on the video because police officers muted their BWC for extended amounts of time when they claimed to be discussing such matters.  Therefore, there is not particularized harm to Defendant concerning officer safety.

2.  Balancing Test

If the court determines that disclosure of the material will cause particularized harm, its next proceeds to balance the public and private interests in confidentiality versus disclosure. Seven factors guide this balancing test:

(1) whether disclosure will violate any privacy interests;

(2) whether the information is being sought for a legitimate purpose or for an improper purpose;

(3) whether disclosure of the information will cause a party embarrassment;

(4) whether confidentiality is being sought over information important to public health and safety;

(5) whether the sharing of information among litigants will promote fairness and efficiency;

(6) whether a party benefitting from the order of confidentiality is a public entity or official; and

(7) whether the case involves issues important to the public.

8

Glendale Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995); In re Roman Catholic

Archbishop of Portland, 661 F.3d at 424.

### i.   Disclosure Will Not Violate a Privacy Interest

The only Privacy interest here is the Privacy interest of the Plaintiff. The right to

disseminate personal information about the Plaintiff should be at the discretion of the Plaintiff and

not the Defendant.  Plaintiff has the right to disseminate personal information about himself if he so

wishes. Here Plaintiff has discussed this matter with Counsel and as consented to the release of such

information to advance his case. Defendant may attempt to argue that they have a privacy interest,

however; the events took place in public and a job as a police officer requires that an officer be in

the "public eye every day." *Gonzales v. City of San Jose*, No. 19-cv-08195-NC, at \*6 (N.D. Cal.

July 31, 2020). Therefore, disclosure will not violate a privacy interest.

### ii.   Information is Being Sought for a Legitimate Purpose

Police accountability has been deemed to be a legitimate purpose and  Plaintiff is seeking

the release of the information so that it can be provided to the California Department of Justice, the

U.S. Department of Justice and other oversight agencies so that a full investigation of the Defendant

and the officers involved can occur. Furthermore, Defendant's Counsel has made claims that are

absolutely untrue and the BWC footage will provide addition evidence of Defendant's baseless

claims.

### iii.   Disclosure Will Not Cause Unnecessary Embarrassment

Disclosure will not cause unnecessary embarrassment to the Defendant. Defendant claims

that it acted properly and committed no violations of the law. Therefore, Defendant can not argue

that the video will cause embarrassment because if Defendant acted in accordance with the law as it

claims there is nothing captured that would cause embarrassment.  In contrast, Plaintiff is pursuing

MOTION IN OPPOSITION TO CONFIDENTILITY
*SPIERS V. CITY AND COUNTY OF SAN FRANCISCO; DOES 1-50*

this action because he is currently suffering unnecessary embarrassment because of the allegations made by Defendant that he was involved in domestic violence. The release of the BWC will clear his name and save him from further slander.

### iv.   Public Health and Safety

"Noting " the national discussion about police treatment of minorities and law enforcement's use of body cameras," the court in *Sampson* found that " [l]aw enforcement's use of body cameras" is " an issue of importance to the public generally, and to public health and safety specifically." *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 625 (N.D. Cal. 2018. Furthermore, "The public has a strong interest in knowing whether members of their tax-funded police department who swear to protect and serve them are using excessive force in violation of the United States Constitution, thereby endangering the health and safety of the community." Gonzales v. City of San Jose, No. 19-cv-08195-NC, at *7 (N.D. Cal. July 31, 2020). Just like in Gonzales, here there was also an assault and battery against the Plaintiff and his constitutional rights were violated. Moreover, to Plaintiff's knowledge none of the officers involved here have been terminated disciplined or even investigated and are still being paid and interacting with members of the public on a daily basis. These officers present a risk to the public because their actions October 6, 2020 demonstrate that they do not follow department procedures and act with impunity. There is evidence that at least one of the officers involved in this brutal beating has a history of harassing and physically threating other minority citizens near the same location.

### v.   Sharing Information Among Litigants is Not an Issue

This is not an issue as all the information has been shared.

### vi.   The Party Benefiting is a Public Entity

10

The only party benefiting from the confidentiality is the San Francisco Police Department and potential Defendants that will be later named individually. The longer the video is kept Confidential the more harm will occur to Plaintiff. Defendant's defense is currently built on baseless claims which will not stand once the video is released.

### vii.   Importance to the Public is High

"The public's interest in alleged civil rights violations of its police department is, if anything, even stronger today. The Minneapolis Police Department's killing of George Floyd on May 25 of this year catalyzed protests throughout the nation against police use of excessive force that continue today." *Gonzales v. City of San Jose*, No. 19-cv-08195-NC, at *8 (N.D. Cal. July 31, 2020). Furthermore, in *Harmon*, this Court stated that the public "unquestionably holds a hefty interest in police force transparency, and especially so when fundamental rights are at stake." *Harmon v. City of Santa Clara*, 323 F.R.D.624 (N.D. Cal. 2018). Just like in Harmon, here fundamental rights are at issue because Plaintiff's Fourth Amendment Rights were violated and the local concern about issues of this nature are at a all time high. Also, the video of Defendant entering into the Plaintiff's hospital room the day after his surgery is so horrific it shocks the conscious and must be revealed. Therefore, for these reasons, the importance to the public weighs heavily in favor of the Plaintiff.

## V. CONCLUSION

The Defendant has the burden of showing a particularized harm that would occur if the designation were removed and has failed to do so and the public interest in disclosure of the video sharply outweighs San Francisco Police Departments private interest in keeping the footage confidential. Therefore, this motion to lift the confidentiality designation over the BWC footage should be granted.

11

Date: December 10, 2020                          J. Davis Law Firm, PLLC

1                                                /s/ Jamir Davis
                                                 Jamir Davis
2                                                Attorney for Plaintiff

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION IN OPPOSITION TO CONFIDENTILITY
*SPIERS V. CITY AND COUNTY OF SAN FRANCISCO; DOES 1-50*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2020, I filed a true and correct copy of the foregoing document electronically using the Courts ECF system, which will serve an electronic copy on the following counsels of record at their registered ECF electronic mail address:

**Raymond R. Rollan**
Raymond.Rollan@sfcityatty.org
Deputy City Attorney
Office of City Attorney Dennis Herrera
(415) 554-3888 Direct
www.sfcityattorney.org

/s/Jamir Davis_____
JAMIR DAVIS
*Counsel for Plaintiff*

MOTION IN OPPOSITION TO CONFIDENTILITY
*SPIERS V. CITY AND COUNTY OF SAN FRANCISCO; DOES 1-50*