DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
RAYMOND R. ROLLAN, State Bar #304548
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3888
Facsimile:    (415) 554-3837
E-Mail:       raymond.rollan@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; AND DOES 1-50 INDIVIDUALLY AND IN OFFICIAL CAPACITIES AS POLICE OFFICERS FOR THE CITY AND COUNTY OF SAN FRANCISCO, INCLUSIVE,<br><br>Defendants. | Case No. 20-CV-01357-JSC<br><br>**DECLARATION OF NICOLE PIFARI IN SUPPORT OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO VACATE THE TRIAL DATE AND STAY THE CIVIL PROCEEDING**<br><br>Hearing Date:  January 21, 2021<br>Time:          9:00 a.m.<br>Place:         Zoom<br><br>Trial Date:    July 12, 2021 |

I, Nicole Pifari, declare as follows:

    1.    I am an attorney licensed to practice in California.  I represent Terrance Stangel in a pending felony criminal case, *People v. Stangel*.  The criminal complaint alleges violations of Penal Code sections 243(d) [Battery with Serious Bodily Injury]; 245(a)(1) [Assault with a deadly weapon]; 245(a)(4) [Assault with Force Likely to Cause Great Bodily Injury]; and 149 [Assault under Color of Authority].

2. I am informed and understand that my client is a defendant in this civil case, which is scheduled for trial on July 12, 2021, and that he will be called to testify in his defense against the Plaintiff's claims.

3. As lead counsel for Mr. Stangel in his criminal case, it continues to be my opinion that requiring Mr. Stangel to testify in this civil case while his criminal case is pending is fundamentally unfair, and asserting the Fifth Amendment will not prevent this unfairness. First, it is not possible for me to anticipate all of the types of information that will provide the prosecutors with some "link in the chain of evidence" needed for his criminal case. *See Hoffman v. United States*, 341 U.S. 479, 486 (1951). Second, it is my understanding that the jury in his civil case may draw an adverse inference from his assertion of the Fifth Amendment.

4. In the event Mr. Stangel is deposed or is called to testify at the trial in his civil lawsuit, I intend to advise my client to invoke his Fifth Amendment privilege with respect to any question that may potentially implicate him in his criminal case. This includes, but is not limited to, questions about the allegations in the criminal complaint; complaints by the public and any internal affairs investigations; any prior statements; circumstances surrounding subject incident; SFPD policies related to use of force; and any questions implying he has a propensity for violence or other bad character.

I declare under penalty of perjury under the laws of the United States that the preceding declaration is true, and that this declaration was executed on December 15 2020 at San Francisco, California.

_____
NICOLE PIFARI