JAMIR DAVIS, Esq. SBN 98041 Pro Hac Vice
**J. DAVIS LAW FIRM, PLLC**
P.O. BOX 122123
COVINGTON, KY 41011
TELE: 859-750-5033
JDAVISLAWKY@GMAIL.COM

MICHAEL R. SEVILLE, Esq. SBN 278164
CURTIS L. BRIGGS, Esq. SBN 284190
**SEVILLE BRIGGS, LLP**
3330 GEARY BLVD. 3RD FLOOR, EAST
SAN FRANCISCO, CA 94118
TELE: 415-324-8733
MICHAEL@SEVILLEBRIGGS.COM
CURTIS@SEVILLEBRIGGS.COM

ATTORNEYS FOR PLAINTIFF

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-50 individually and in official capacities as police officers for the City and County of San Francisco, inclusive.<br><br>         Defendant. | CASE NO.  20-cv-01357-JSC (JCS)<br><br>**PLATINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE: January 28, 2021<br>TIME: 9:00 a.m.<br>DEPT: Zoom<br>JUDGE: Magistrate Jaqueline Scott Corley |

1

TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS. . . . . . 4

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. Factual History.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

C. The Present Discovery Dispute. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

A. The Documents Sought Are Highly Relevant... . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

B. State Defendants Have Failed to Demonstrate That Any of the Documents
Sought Are Privileged... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..... 13

C. State Defendants' Remaining Objections Are Meritless.. . . . . . . . . . . . . . . . . . . . . . 13

D. Plaintiffs Are Entitled To Their Reasonable Expenses... . . . . . . . . . . . . . . . . . . . . .  13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

2

*PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL*
*SPIERS V. CITY AND COUNTY OF SAN FRANCISCO; DOES 1-50*

TABLE OF AUTHORITIES

FEDERAL CASES

Kaufman v. Board of Trustees,
168 F.R.D. 278 (C.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rogers v. Giurbino, 288 F.R.D. 469, 476 (S.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

2001 WL 1870308 (N.D. Cal. Nov. 19, 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . 11

FEDERAL STATUTES AND RULES

Fed. R. Civ. P. 26.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 37.. . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . .. . . . 4, 12, 13

**NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE: that at a date, time, and location to be set by the Court, Plaintiff will and hereby moves to compel Defendant to produce documents and responses it has refused to produce to a valid discovery request. These documents include but are not limited to SFMTA video and documents, recorded interviews and other materials that were gathered by the San Francisco District Attorney's Office on the early morning of October 7, 2019, ESI exchanged or otherwise transmitted between and among Defendants' agents, representatives, or attorneys directly related to the October 6, 2019 incident giving rise to the Complaint, any and all documents or records of oral communications between and among Defendants agents, representatives, or attorneys directly related to the October 6, 2019 incident giving rise to the Complaint, and any and all misconduct allegations, either written or oral, either formal or informal, that have been made against any of the responding officers to the incident on October 6, 2019 which gave rise to this Complaint. Finally, Plaintiff's Counsel has not received a response from Defendant concerning the actions the San Francisco Police Department has taken in response to recommendations made by the Department of Justice prior to the incident giving rise to this Complaint, several of which relate directly to the police practices, policies, customs and training giving rise to this Complaint. Plaintiff seeks the production of all documents and responses Defendant has wrongfully withheld and refused to produce. Counsel for Plaintiffs and Defendants have met and conferred in writing and telephonically and been unable to resolve this issue.

This Motion is made pursuant to Rule 37 of the Federal Rules of Civil Procedure. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any oral argument that may be heard, the complete files and record of this action, and such other and further matters as the Court may consider.

Dated: December 23 , 2020    Respectfully submitted,

                                                       J Davis Law Firm, PLLC

                                                       By: /s/ Jamir Davis

                                                     Jamir Davis

                                                     Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

At its core, this is a civil rights case about police brutality and blatant infringements of Plaintiff's constitutional rights, which resulted in permanent emotional, mental, and physical harm to the Plaintiff. Plaintiff, Dacari Spiers, brought this action because Defendant violated his civil rights by brutally attacking him with hands feet and batons on the night of October 6, 2019 and then harassing him and family and friends while he was in the hospital recovering from a broken leg, wrist, and several other lacerations, which required several surgeries to repair. Plaintiffs seek the production of critical documents and responses that Defendant has wrongfully refused to produce in discovery. These documents include but are not limited to SFMTA video and documents, recorded interviews and other materials that were gathered by the San Francisco District Attorney's Office on the early morning of October 7, 2019, ESI exchanged or otherwise transmitted between and among Defendants' agents, representatives, or attorneys directly related to the October 6, 2019 incident giving rise to the Complaint, any and all documents or records of oral communications between and among Defendants agents, representatives, or attorneys directly related to the October 6, 2019 incident giving rise to the Complaint, and any and all misconduct allegations, either written or oral, either formal or informal, that have been made against any of the responding officers to the incident on October 6, 2019 which gave rise to this Complaint. Finally, Plaintiff's Counsel has not received a response from Defendant concerning the actions the San Francisco Police Department has taken in response to recommendations made by the Department of Justice, which identified critical issues within the San Francisco Police Department several years prior to incident giving rise to this Complaint. Defendant's have agreed to provide all the above mention documents but have failed to do so, without substantial justification. Plaintiff also seeks reimbursement of expenses, including reasonable attorneys 'fees, incurred in bringing this motion.

## BACKGROUND

A. Factual History

On the night of October 6, 2019, Plaintiff, his girlfriend Breonna, and his cousin Kyle, who are all recognizable as African Americans traveled from San Rafael, California to Fisherman's Wharf

in San Francisco to enjoy a day at Fleet Week. At some point during their time at Fisherman's Wharf, Plaintiff's girlfriend had her wallet stolen from her purse and she became visibly upset. Plaintiff, who was attempting to help his girlfriend find her wallet, began to console her to keep her calm. Shortly thereafter, a third-party bystander made a 911 call alleging they were witnessing domestic violence. San Francisco Police Department (SFPD) officers arrived on the scene, failed to establish communication, and with in fifteen (15) seconds began brutally beating Plaintiff with department issued batons, hands, and feet. Plaintiff was struck viciously, thrown to the ground, and struck numerous times while on the ground being restrained. While being thrown to the ground Plaintiff used his left hand to shield his head and neck from baton strikes and the bones in his hand were shattered. Plaintiff begged officers to stop but they did not. While on the ground being restrained, officers continued to strike the Plaintiff breaking his left leg.  Plaintiff was struck so violently his skin split in several places causing severe lacerations, which would require stiches. SFPD officers then questioned Plaintiff's girlfriend who denied all allegations of domestic violence and had no physical marks on her persons. Multiple bystanders on the scene also confirmed that Plaintiff had not been physically abusive to his girlfriend in any way. Shortly, thereafter police officers would find his girlfriend's wallet abandoned in a near by garbage can.

      The Plaintiff was then transferred to Saint Francis Memorial Hospital in San Francisco, where he was met by other agents of the City and County. Agents at the hospital claimed to be members of Internal Affairs but were in fact District Attorney Investigators, who questioned both the Plaintiff and his girlfriend again. These agents would purposefully leave a tape recorder in the Plaintiff's hospital room in an attempt record a conversation between Plaintiff and his girlfriend.

      The next day Plaintiff underwent surgery on his left leg and wrist to repair the badly broken bones. Meanwhile, without having any additional evidence or consent from Plaintiff's girlfriend officers prepared an untruthful affidavit and presented it to a Superior Court Judge seeking an Emergency Protective Order (EPO) against Plaintiff, claiming Plaintiff was a threat to his girlfriend's life. The next day, while Plaintiff was in the hospital recovering from surgery with his girlfriend at his bed side four (4) SFPD officers entered Plaintiff's hospital room and served Plaintiff and his girlfriend with the EPO. Plaintiff and his girlfriend begged for officers to leave but the harassment and intimidation continued. Officers removed hospital furniture, aggressively got in Plaintiff's personal space, and ultimately forced his girlfriend to leave the hospital against her will.

1  This further caused the Plaintiff severe emotional harm because Plaintiff remained in the hospital
2  alone for the rest of the night in fear for his life. To date, none of the officers involved have been
3  disciplined by SFPD. It is Plaintiff's belief that multiple officers involved have a history of prior
4  bad acts against African American citizens.

5  B. Procedural History

6  　　On July 14, 2020 parties stipulated to an Early Settlement Conference with Magistrate Judge
7  Spero. As result of the stipulation Parties entered informal discovery for purpose of preparing for
8  the early settlement conference. Plaintiff provided Defendant will all the documentation it
9  requested. Defendant provided the majority of documentation requested by Plaintiff excluding a
10 document related to the officers' personnel records and a video surveillance recoding of the incident
11 from a SFMTA camera. On August 13, 2020, the parties unsuccessful concluded the settlement
12 conference and Plaintiff immediately provided Defendant with formal discovery requests, which
13 included request for production and request of responses to interrogatories. (Exhibit A and B,
14 respectively). Defendant was required to complete those requests on September 14, 2020 but could
15 not and requested a two-week extension. (Exhibit C) Plaintiff's Counsel granted the extension and
   Defendant agreed to provide its answers and documentation by September 28, 2020.
16
17 　　On September 28, 2020 Defendant requested an additional day to provide responses via his
18 legal secretary and Plaintiff's Counsel again granted Defendant and extension. (Exhibit D) On
   September 29, 2020 Defendant provided incomplete response to the request for production and
19 incomplete answers to the interrogatories. On October 5, 2020 Plaintiff emailed Defendant's
20 Counsel to schedule a meeting to resolve the discovery dispute. Defendant's Counsel did not
21 respond to Plaintiff's request until October 19, 2020. On November 2, 2020 Plaintiff's Counsel and
22 Defendant's Counsel met and conferred concerning Plaintiff's discovery requests. At which time
23 Plaintiff agreed to modify or specify some of its requests and Defendant agreed to produce the
24 documentation requested in response to the request. Plaintiff drafted a letter to Defendant's Counsel
25 documenting the agreement of that discussion and provided Defendant until November 17, 2020 to
26 produce answers and documentation. (Exhibit F)

27 　　On November 17, 2020 Defendants Counsel again failed to produce the documentation it had
28 promised to produce on November 2, 2020 and instead sent  over fifty-five empty electronic files, and
   other documents that were so heavily redacted that they were not useful. Plaintiff's Counsel files this

motion to seek relief and seeks reimbursement of expenses, including reasonable attorneys 'fees, incurred in bringing this motion.

C. The Present Discovery Dispute

On August 13, 2020, Plaintiff served Defendant with their first set of requests for production of documents and first set of interrogatories. On November 2, 2020 Plaintiff met and conferred with Defendant's Counsel and Plaintiff's Counsel agreed to modify or specify its request to make them more manageable for Defendant. Defendant agreed to provide all the outstanding documentation and responses on November 17, 2020. On November 17, 2020 Plaintiff provided little to no responses or documentation as it had promised. The requests, and Defendant's response, are as follows:

- **Request for Production NO. 1- (Originally sent on August 13, 2020)**

*Any and all documents or ESI exchanged or otherwise transmitted between and among Defendants' agents, representatives, or attorneys directly related to the October 6, 2019 incident giving rise to the Complaint. If a portion of this request includes any information which is Defendants believe are protected by attorney/client privilege or work product for the time being, **please exclude such**.*

**Plaintiff's modified request during meet and confer on November 2, 2020. (Exhibit F)**

*Plaintiff is particularly interested in all text messages, voicemails, emails or other messages sent on personal phones or SFPD issued phones or other devices.*

**Defendant's response on November 17, 2020**

*None of the above documentation was produced by the Defendant.*

- **Request for Production NO.2- (Originally sent on August 13, 2020)**

*Any and all documents or records of oral communications between and among Defendants agents, representatives, or attorneys directly related to the October 6, 2019 incident giving rise to the Complaint.*

**Plaintiff's specified response during meet and confer on November 2, 2020. (Exhibit F)**

*Plaintiff is particularly interested in all phone conversations on department issued phones or personal phones and in person conversations, including those that were muted on police body worn cameras.*

**Defendant's response on November 17, 2020**

*None of the above documentation was produced by the Defendant.*

- **Request for Production NO.3- - (Originally sent on August 13, 2020)**

*Any and all communications between Defendant City and County of San Francisco and any officer who responded to the incident, may be called as a witness, or was otherwise involved with the incident giving rise to this Complaint, regarding his/her employment status at the County including hiring and termination notices, performance reviews, annual evaluations, training records, and any rebuttals or comments, either written or otherwise, that may have attached or included.*

**Plaintiff's specified request during meet and confer on November 2, 2020. (Exhibit F)**

*This includes: SFPD Officer Cuauhtemoc Martinez, Star #1023; SFPD Officer Terrance Stangel, Star #323; SFPD Officer Joshua Cabillo, Star #1014; SFPD Sergeant Bryan Neuerburg, Star #2732; SFPD Sergeant Maria Ciriaco, Star #482; SFPD Lieutenant Stephen Jonas, Star #79; SFPD Officer Curtis Clinton, Star #2710; SFPD Officer Juan Lara, Star #1582; SFPD Officer Ari Zuckerman, Star #2068; SFPD Sergeant Gonee Sepulveda, Star #1244; SFPD Kyle Simmons, #438; SFPD Sergeant Brendan O☐Connor, Star #435; SFPD Sergeant Leo Bernstein, Star #2304; SFPD Lieutenant Pilar Torres, Star #597; SFPD Sergeant Carmen Batan, Star #1607; SFPD Sergeant Aaron Foltz, Star #1971; SFPD Officer Alexander Lentz, Star #2338; SFPD Officer Brent Bradford, Star #4199; SFPD Officer Brandon Harris, Star #2426; SFPD Officer John Gardner, Star #671; SFPD Officer James Hallisy, Star #1096; San Francisco District Attorney Inspector Hyashi, Star #111; San Francisco Assistant District Attorney Hans Moore SFPD Officers Prasadi, Star #367. Plaintiff requests any records of discipline, including suspension, termination, or performance concerns.*

**Defendant's response on November 17, 2020**

Only limited records for SFPD Officer Cuauhtemoc Martinez, Star #1023, SFPD Officer Terrance Stangel, Star #323, and SFPD Officer Joshua Cabillo, Star #1014 were produced. The records provided were redacted to the point that they were not useful.

- **Request for Production NO.7- (Originally sent on August 13, 2020)**

*Any and all misconduct allegations, either written or oral, either formal or informal, that have been made against any of the responding officers to the incident on October 6, 2019 which gave rise to this Complaint. This request includes, but is not limited to, all of the information generally required to be disclosed pursuant to a Pitchess Motion or a Freedom of information Act request under SB 1421.*

**Plaintiff's Specified request during meet and confer on November 2, 2020. (Exhibit F)**

*This includes: SFPD Officer Cuauhtemoc Martinez, Star #1023; SFPD Officer Terrance Stangel, Star #323; SFPD Officer Joshua Cabillo, Star #1014; SFPD Sergeant Bryan Neuerburg, Star #2732; SFPD Sergeant Maria Ciriaco, Star #482; SFPD Lieutenant Stephen Jonas, Star #79; SFPD Officer Curtis Clinton, Star #2710; SFPD Officer Juan Lara, Star #1582; SFPD Officer Ari Zuckerman, Star #2068. SFPD Sergeant Gonee Sepulveda, Star #1244; SFPD Kyle Simmons, #438; SFPD Sergeant Brendan O☐Connor, Star #435; SFPD Sergeant Leo Bernstein, Star #2304; SFPD Lieutenant Pilar Torres, Star #597; SFPD Sergeant Carmen Batan, Star #1607; SFPD Sergeant Aaron Foltz, Star #1971; SFPD Officer Alexander Lentz, Star #2338; SFPD Officer Brent Bradford, Star #4199; SFPD Officer Brandon Harris, Star #2426; SFPD Officer John Gardner, Star #671; SFPD Officer James Hallisy, Star #1096; San Francisco District Attorney Inspector Hyashi, Star #111; San Francisco Assistant District Attorney Hans Moore; SFPD Officers Prasadi, Star #367.*

**Defendant's Response on November 17, 2020**

Only limited records for SFPD Officer Cuauhtemoc Martinez, Star #1023, SFPD Officer Terrance Stangel, Star #323, and SFPD Officer Joshua Cabillo, Star #1014 were produced. The records provided were redacted to the point that they were not useful.

- **Request for Production NO.12 – (Originally sent on August 13, 2020)**

*Any and all video and audio of the incident on October 6, 2019, including any Body Worn Camera footage, Dashcam footage, 911 calls, or similar video and/or audio recording systems either directly controlled by the San Francisco Police Department, or any other public or private footage which the City and County of*

*San Francisco currently possesses. This request includes but is not limited to any Municipal Transportation Agency, Department of Public Work, San Francisco Fire Department, Department of Emergency Management, and any other public agency or private entity which may have relevant and material video or audio of the October 6, 2019 incident.*

**Plaintiff's specified request during meet and confer on November 2, 2020. (Exhibit F)**

*We are specifically looking for the SFMTA video and any footage that was already provided by the City Attorney but was muted or edited. (SFMTA Video has still not been provided per our initial subpoena)*

**Defendant's Response on November 17, 2020**

This record was not produced by Defendant or, if it was produced, was in a format that was inaccessible to Plaintiff.

- **Interrogatory NO.2- (Originally sent on August 13, 2020)**

*State whether any of the officers who had contact with Plaintiff on the day of the incident generally, has ever been a plaintiff, defendant, or witness in any other inquiry, complaint, administrative action, criminal proceeding, or lawsuit. If so, state the nature of the claim, cause of action or criminal proceeding, the date on which the action was initiated, any case number or identifying number, the name and address of any attorney for any party, the date of trial or final disposition of the matter, the final disposition of the matter, and the administrative body or court where such action was or is now pending.*

**Plaintiff's Specified request during meet and confer on November 2, 2020. (Exhibit F)**

*All the officers below are included in the request. Day of the incident includes October 6, 2020, October 7. 2020 and October 9, 2020. Day of the incident also includes dates when the protective order was drafted and submitted the Superior Court.*

*This includes: SFPD Officer Cuauhtemoc Martinez, Star #1023; SFPD Officer Terrance Stangel, Star #323; SFPD Officer Joshua Cabillo, Star #1014; SFPD Sergeant Bryan Neuerburg, Star #2732; SFPD Sergeant Maria Ciriaco, Star #482; SFPD Lieutenant Stephen Jonas, Star #79; SFPD Officer Curtis Clinton, Star #2710; SFPD Officer Juan Lara, Star #1582; SFPD Officer Ari Zuckerman, Star #2068; SFPD Sergeant Gonee Sepulveda, Star #1244; SFPD Kyle Simmons, #438; SFPD Sergeant Brendan O☐Connor, Star #435; SFPD Sergeant Leo Bernstein, Star #2304; SFPD Lieutenant Pilar Torres, Star #597; SFPD Sergeant Carmen Batan, Star #1607; SFPD Sergeant Aaron Foltz, Star #1971; SFPD Officer Alexander Lentz, Star #2338; SFPD Officer Brent Bradford, Star #4199; SFPD Officer Brandon Harris, Star #2426; SFPD Officer John Gardner, Star #671; SFPD Officer James Hallisy, Star #1096; San Francisco District Attorney Inspector Hyashi, Star #111; San Francisco Assistant District Attorney Hans Moore; SFPD Officers Prasadi, Star #367.*

**Defendant's Response on November 17, 2020**

A response was not provided by the Defendant nor was a legal argument provided in support of the refusal to answer.

- **Interrogatory NO.3- (Originally sent on August 13, 2020)**

*State whether any of the police officers who had contact with Plaintiff on the day of the incident generally, has ever been accused, had a complaint filed against, had a report filed against, or other similar affirmative assertions, whether in writing or verbally, either informally or formally, of using excessive force or other*

*related allegations of forceful/unnecessary/unlawful contact, regardless of whether the accusations led to any formal or informal investigation and/or administrative or legal process. If so, state the nature of the accusation, the date on which the accusation was made or initiated, any identifying number or information, any informal or formal investigatory reports or findings, the agency(ies) or departments involved, and any final disposition of the allegations.*

**Plaintiff's specified request during meet and confer on November 2, 2020. (Exhibit F)**

*All the officers below are in the request. Day of the incident includes October 6, 2020, October 7. 2020 and October 9, 2020. Day of the incident also incudes dates when the protective order was drafted and submitted the Superior Court.*

*This includes: SFPD Officer Cuauhtemoc Martinez, Star #1023; SFPD Officer Terrance Stangel, Star #323; SFPD Officer Joshua Cabillo, Star #1014; SFPD Sergeant Bryan Neuerburg, Star #2732; SFPD Sergeant Maria Ciriaco, Star #482; SFPD Lieutenant Stephen Jonas, Star #79; SFPD Officer Curtis Clinton, Star #2710; SFPD Officer Juan Lara, Star #1582; SFPD Officer Ari Zuckerman, Star #2068; SFPD Sergeant Gonee Sepulveda, Star #1244; SFPD Kyle Simmons, #438; SFPD Sergeant Brendan O☐Connor, Star #435; SFPD Sergeant Leo Bernstein, Star #2304; SFPD Lieutenant Pilar Torres, Star #597; SFPD Sergeant Carmen Batan, Star #1607; SFPD Sergeant Aaron Foltz, Star #1971; SFPD Officer Alexander Lentz, Star #2338; SFPD Officer Brent Bradford, Star #4199; SFPD Officer Brandon Harris, Star #2426; SFPD Officer John Gardner, Star #671; SFPD Officer James Hallisy, Star #1096; San Francisco District Attorney Inspector Hyashi, Star #111; San Francisco Assistant District Attorney Hans Moore: SFPD Officers Prasadi, Star #367.*

**Defendant's response on November 17, 2020**

A response was not provided by the Defendant nor was a legal argument provided in support the refusal to answer.

## ARGUMENT

By this motion, Plaintiff seeks an order compelling Defendant to produce documents responsive to Request No. 1, No. 2, No. 3, No.7, and No. 12 and responses to Interrogatory's No.2, and No. 3. Also, Plaintiff seeks an order requiring Defendant to produce documents in its possession related to the SFMTA video and records of the incident that were recorded by a District Attorney investigator.  Plaintiffs are entitled to these documents and responses because they are relevant to Plaintiff's claims, or – at the very least – "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); see *Kaufman v. Board of Trustees*, 168 F.R.D. 278, 280 (C.D. Cal.1996) ("Rule 26(b) is liberally interpreted to permit wide-ranging discovery. . . The burden of proof is on the party opposing discovery to claim lack of relevancy and privilege."). Here the Defendant has not claimed relevancy or privilege and on multiple occasions, Plaintiff has explained that the records are necessary to proceed in its *Monell* claim.

"In his Motion to Compel, Plaintiff notes that " counsel must meet and confer [on] all disputed issues." *Rogers v. Giurbino*, 288 F.R.D. 469, 476 (S.D. Cal. 2012) Plaintiff met and

conferred on this dispute on November 2, 2020, November 9, 2020, and December 1, 2020. Defendant promised to produce all the requested documentation but has failed to do so. Plaintiff is also entitled to their expenses incurred in bringing this motion, including the reasonable attorneys' fees, because Defendant knows that all the aforementioned response and documents should be produced but that they have failed to without a valid reason. Therefore, Defendant's refusal to produce the documents and responses in question is not "substantially justified." See Fed. R.Civ. P. 37(a)(5).

### A. The Documents Sought Are Highly Relevant

Requests for Production No. 1, No. 2, No.3, No. 7 and No. 12 and responses to Interrogatory's No.2, and No. 3. are very important because they are related to internal communications between representatives of Defendant which are imperative to help uncover the practices and procedures of Defendant that are directly related to Plaintiff's *Monell* Claim – a significant reason this case was brought. Moreover, they are highly relevant to this litigation because they are reasonably calculated to lead to the discovery of admissible evidence. San Francisco Police Department has a well-documented history of not properly training or disciplining officers who violate California Police Officer Standards and Training (POST) standards, general orders, and department policies. The documents sought here are particularly relevant to whether the Defendant knew of the misconduct of the officers and failed to properly address it and whether the Defendant had known that its agents had previous allegations of misconduct against them. Defendant may argue that the requests are too broad and include too many officers, however; Plaintiff has already narrowed its request. Furthermore, the facts of this case include many officers because the number of officers that were on the scene and acted improperly was significant. Plaintiff believes that officers muted their body cameras to destroy relevant evidence, lied to witness's in an effort to manipulate their statements, and sent text messages on Department issued phones that may be highly relevant towards the actions officers and the Department took immediately after the incident.  Lastly, there was an entirely separate second set of officers who harassed and intimidated Plaintiff and his family after the attack occurred at his hospital, which contributed directly to the pain and suffering experienced by Plaintiff.

### B. Defendant Has Failed to Demonstrate That Any of the Documents Sought Are Privileged.

Defendant has asserted attorney/client and attorney work product privileges with respect to some of the documents and requests at issue. However, Plaintiff's modification of its requests on November 3, 2020 excluded all communication between Defendant and Defendant' Counsel and solely focused on the communication internally and between Defendant and its representatives. Furthermore, Defendant's Counsel has already agreed to comply with Plaintiff's modified request but has failed to do so with a valid excuse. As described above, the documents at issue are relevant to this litigation.

### C. Defendant's Remaining Objections Are Meritless.

The Defendant's remaining, boilerplate objections are meritless. Plaintiff's requests are not vague, ambiguous, or compound and the specifications of the claims made by the Plaintiff in the letter on November 3, 2020 are quite reasonable because they drastically narrowed the scope of what the Plaintiff seeks. Furthermore, internal communication and communications with representatives are directly relevant to this action because they directly relate to Plaintiff's *Monell* Claim. Nor is the request overbroad. For the reasons described above, any or all the communications sought and information regarding training records may be directly relevant to Plaintiffs claims and, at the very least, are reasonably calculated to lead to the discovery of admissible evidence.

### D. Plaintiffs Are Entitled To Their Reasonable Expenses

When a motion to compel discovery is granted, the Court "must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A); see Fed. R. Civ. P. 37, 1970 adv. comm. notes ("expenses should ordinarily be awarded").

Neither of the only potentially applicable exceptions to an award of expenses – either that the opposing parties' nondisclosure was "substantially justified" or that other circumstances exists that would "make an award of expenses unjust" (Fed. R. Civ. P. 37(a)(5)(A)(ii) & (iii)) – apply here. It can hardly be said that Defendant was substantially justified in not providing the requested documentation and responses. Nor are there any circumstances that would make an award of expenses unjust. To the contrary, an award of expenses will further the purpose of Fed. R. Civ. P. 37(a)(5)(A) by deterring abuses in the discovery process requiring Court involvement as this case

proceeds through the remainder of Discovery. See Fed. R. Civ. P. 37, 1970 adv. comm. notes; 8B Charles Alan Wright, et al., Federal Practice & Procedure §2288 (3d ed. 2010). Plaintiffs' expenses through December 23, 2020, totaling $5,800.00. Plaintiffs will supplement their expenses upon the filing of their reply brief.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter an order compelling Defendant to provide further responses to Plaintiff's Requests for Production of Documents and Interrogatories. Plaintiff further respectfully requests that the Court order Defendant to pay attorney's fees in the amount to be determined.

Date: December 23, 2020                                                                 J. Davis Law Firm, PLLC

/s/ Jamir Davis
Jamir Davis
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2020, I filed a true and correct copy of the foregoing document electronically using the Courts ECF system, which will serve an electronic copy on the following counsels of record at their registered ECF electronic mail address:

**Raymond R. Rollan**
Raymond.Rollan@sfcityatty.org
Deputy City Attorney
Office of City Attorney Dennis Herrera
(415) 554-3888 Direct
www.sfcityattorney.org

                                          /s/Jamir Davis
                                          JAMIR DAVIS
                                          *Counsel for Plaintiff*