JAMIR DAVIS, Esq. SBN 98041 – Pro Hac vice
**J. DAVIS LAW FIRM, PLLC**
106 Winging Way Unit c
Covington, KY 41011
Tele: 859-750-5033
jdavislawky@gmail.com

MICHAEL R. SEVILLE, Esq. SBN 278164
CURTIS L. BRIGGS, Esq. SBN 284190
**SEVILLE BRIGGS, LLP**
3330 Geary Blvd. 3rd Floor, East
San Francisco, CA 94118
Tele: 415-324-8733
michael@sevillebriggs.com
curtis@sevillebriggs.com

Attorneys for plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS, | **Case No. 3:20-cv-01357** |
| Plaintiff, | **PLAINTIFF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, DOES 1-50 | **SET NO. 1** |
| Defendants | |

//
//

1

## INSTRUCTIONS

1. Pursuant to Federal Rules of Civil Procedure (FRCP) Rules 26 and 34 and Civil Local Rule 34, Plaintiff submits the following request for production of documents from Defendants.

2. Pursuant to FRCP Rule 34(a), Plaintiff acknowledges that these requests are limited to the scope of FRCP Rule 26(b), and requests that when Defendant is unable to produce certain documents because they fall outside such scope, Defendant will provide an explanation as to the reason why the documents fall outside the scope of discovery and/or this request.

3. Pursuant to FRCP Rule 34(b)(2)(E), Plaintiff requests that when Defendant does produce the requested documents, including electronically stored information (ESI), Defendant will produce such documents or ESI as they are kept in the usual course of business or will organize them to correspond to the categories in the request.

4. Defendants shall, within thirty (30) days, produce copies of the following documents at a location mutually acceptable to both parties, given the health pandemic and shelter in place orders. If Defendant's will produce documents for inspection, please specify the date, time, and location of production. If Defendants will mail the documents requested, please mail them to Seville Briggs, LLP, 3330 Geary Blvd, 3rd Floor East, San Francisco, CA 94118.

## DEFINITIONS

A. The words "any" and "all" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. Furthermore, the use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

B. "Communication" and "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letter correspondence, notes, telegrams, facsimiles, electronic email (e-mail), memoranda, documents, writings, or other forms of communications, including but not limited to both oral, written, digitally or tape recorded, communications.

C. "Defendant" means any and all named Defendants to this proceeding and/or any and all employees of Defendant City and County of San Francisco.

D. "Discussion," "discussions," "discuss," "discusses," "mention," "mentions," "describe," "describes," "analyze," or "analyzes," means any and all inquiries, conversations, negotiations, agreements or other forms or methods of oral communication or such dialogue sent via e-mail, facsimilia, letter, telegram, or other written communication.

E. "Document" or "documents" means any tangible item discoverable under FRCP Rule 34.

F. In accordance with FRCP, the terms "document" or "documents" includes but is not limited to all writings, drawings, graphs, reports, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

G. "Electronically stored information" and "ESI" means any information on operational systems including but not limited to, accounting, human resources, scheduling, or case management; E-mail; Instant Messages (IM); web pages; text messages; cell phone data; excel spreadsheets; metadata; computer databases; and anything stored on computers or other electronic means located on or in, but not limited to cache memory; optical disks; USB drives; cell phones; and other electronic devices.

H. The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The use of a verb in any tense shall be construed as the use of the verb in all other

tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form or any noun shall be deemed to include the plural, and vice-versa.

I. The terms "you" or "your" include the person to whom these requests are addressed, and all of that person's agents, representatives, or attorneys.

J. If more than one copy of a requested document exists, this request includes a request for production of all non-identical copies.

## DOCUMENT REQUESTS

1. Any and all documents or ESI exchanged or otherwise transmitted between and among Defendants' agents, representatives, or attorneys directly related to the October 6, 2019 incident giving rise to the Complaint. If a portion of this request includes any information which Defendants believe are protected by attorney/client privilege, please identify a document by name, date, and corresponding parties and assert why the privilege attaches.

2. Any and all documents or records of oral communications between and among Defendants agents, representatives, or attorneys directly related to the October 6, 2019 incident giving rise to the Complaint.

3. Any and all communications between Defendant City and County of San Francisco and any officer who responded to the incident, may be called as a witness, or was otherwise involved with the incident giving rise to this Complaint, regarding his/her employment status at the County including hiring and termination notices, performance reviews, annual evaluations, training records, and any rebuttals or comments, either written or otherwise, that may have attached or included.

4. Any and all documents, including but not limited to, use of force report, injury reports, documentation or reports submitted to any Court, and/or witness statements pertaining to

Plaintiff and related to the October 6, 2019 incident giving rise to the Complaint.

5. Any and all documents, including but not limited to, audio recordings of interviews, conversations, or captured recordings, with Plaintiff and Defendant's employees, agents or representatives directly relating to the October 6, 2019 incident. In addition, this request includes any recordings and/or documents related to any Internal Affairs, or similar entity within the San Francisco Police Department or District Attorney's Office, investigation of the October 6, 2019 incident and any subsequent findings or recommendations.

6. Any internal documents, procedures or policies on use of force, techniques, compliance standards, performance reviews, or other related information on appropriate or inappropriate touching of private citizens, detainees or prisoners in which officers of the San Francisco Police Department may come in to contact with.

7. Any and all misconduct allegations, either written or oral, either formal or informal, that have been made against any of the responding officers to the incident on October 6, 2019 which gave rise to this Complaint. This request includes, but is not limited to, all of the information generally required to be disclosed pursuant to a Pitchess Motion or a Freedom of Information Act request under SB 1421.

8. Any and all documents related to policies, procedures, systems, or internal structure for how and when management or supervisors become aware of and respond to use of force reports or similarly named and utilized reports produced or required to be produced, when law enforcement officials use force against a private citizen, detainee or prisoner.

9. Any and all documents, training, professional standards material, or other similar information utilized by human resource professionals in determining, analyzing, interpreting and making decisions on past employment, background checks, reference checks, prior

accusations of misconduct, when deciding whether to hire an applicant for the position of a law enforcement professional or similar positions within the San Francisco Police Department.

10. Any and all documents, trainings, policies, professional standards material, or other similar information relating to how law enforcement professionals are to interact with private citizens, whether a suspect of a crime or not, after an incident where physical contact is made, including but not limited to, incidents where bodily harm is a result of such contact and/or contact which requires a use of force report, or similar documentation, to be submitted. Particularly, any documents which address whether police officers are allowed to make contact in hospitals or other recuperative settings of private citizen, how such contact should be made, who should make said contact, and whether any management or supervisorial officials must sign off on such contact.

11. Any and all documents utilized or produced by San Francisco Police Department management in interpreting, investigating, analyzing, or determining whether use of force was appropriate when filed by a staff member of the department. In addition, any and all documents related to any such investigation directly related to the October 6, 2019 incident giving rise to the Complaint.

12. Any and all video and audio of the incident on October 6, 2019, including any Body Worn Camera footage, Dashcam footage, 911 calls, or similar video and/or audio recording systems either directly controlled by the San Francisco Police Department, or any other public or private footage which the City and County of San Francisco currently possesses. This request includes but is not limited to any Municipal Transportation Agency, Department of Public Work, San Francisco Fire Department, Department of Emergency

Management, and any other public agency or private entity which may have relevant and material video or audio of the October 6, 2019 incident.

Dated: August 13, 2020                                          Respectfully submitted,

                                                                /s/Jamir Davis, Esq.

## Proof of Service

I am a citizen of the United States and employed in the City and County of San Francisco, State of California. I am over the age of 18 years old and am not a party to the within action. My business address is 3330 Geary Blvd. 3rd Floor, East, San Francisco, CA 94118.

On August 13, 2020 I served the within document(s) described as:

**PLAINTIFF REQUEST FOR PRODUCTION OF DOCUMENTATION – SET 1**

**BY US POSTAL MAIL:** I placed the within document(s) in the United States Postal Mail Service addressed to Defendant's attorney at:

Raymond Rollan
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102

**BY ELECTRONIC MAIL:** I caused the document(s) to be sent to the persons at the email address's shown below. I did not receive a notification that the electronic transmission was unsuccessful.

raymond.rollan@sfcityatty.org

I declare I am a member in good standing of the Bar of this Court.

Executed on August 13, 2020 in San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　　　　/s/Jamir Davis , Esq.

**NAME AND ADDRESS OF EACH PERSON TO WHOM SERVICE WAS MADE:**

CCSF City Attorney Office
Attn: Raymond Rollan
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102