1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  MEREDITH B. OSBORN, State Bar #250467
   Chief Trial Deputy
3  RAYMOND R. ROLLAN, State Bar #304548
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3888
6  Facsimile:     (415) 554-3837
   E-Mail:        raymond.rollan@sfcityatty.org

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; AND DOES 1-50 INDIVIDUALLY AND IN OFFICIAL CAPACITIES AS POLICE OFFICERS FOR THE CITY AND COUNTY OF SAN FRANCISCO, INCLUSIVE,<br><br>    Defendants. | Case No. 20-CV-01357-JSC<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO PLAINTIFF'S MOTION TO CHALLENGE CONFIDENTIALITY [DKT. #38]**<br><br>Hearing Date:   January 21, 2021<br>Time:           9:00 a.m.<br>Place:          TBD |

**INTRODUCTION AND FACTUAL BACKGROUND**

Defendant City and County of San Francisco ("Defendant") hereby opposes Plaintiff Dacari Spiers' ("Plaintiff") Motion to Challenge Confidentiality ("Motion"). The landscape has drastically changed since the filing of Plaintiff's Motion on December 10, 2020. Specifically, on December 14, 2020, the San Francisco District Attorney's Office filed felony charges against San Francisco Police Department ("SFPD") officer Terrance Stangel for the same conduct that is the basis of this civil

action. On December 15, 2020, SFPD published a press release, including a thirteen minute and sixteen second video of the incident. which includes redacted Computer Aided Dispatch audio recordings, and body worn camera ("BWC") footage from three different officers.[1] On December 17, 2020, Defendant filed a Motion to Vacate Trial Date and Stay the Civil Matter. (Dkt. No. 39).

Plaintiff's instant motion seeks the removal of the confidentiality designation as to "police body-worn camera ('BWC') footage all officers (sic) at the scene of the incident on October 6, 2019 and BWC footage of all officers at St. Francis Memorial Hospital on or about October 9, 2019." (Pl.'s Mot at p. 2). Plaintiff's request is overbroad. The three BWC footages included in the SFPD press release reflect only a portion of the entire BWC recording. Additionally, the three officer BWC videos are among over ten BWC videos that exist in this case, such that disclosure of all of the BWC to the public is improper. There is good cause to retain confidentiality as to the BWC footage not previously released by SFPD ("Subject Records"), and which are subject to the operative protective order (Dkt. No. 21).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 ("Rule 26") guides the Court's decision as to whether documents are properly the subject of a protective order. Rule 26(c) provides that a court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden" by, among other things, forbidding disclosure or specifying terms for disclosure. Courts considering whether confidentiality designations are appropriate during discovery apply a "particularized showing" of good cause. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This is a significantly lower barrier than the "compelling interest" required for documents filed in support of a dispositive motion. *Id. See, also, Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

When the confidentiality of information produced under a protective order is challenged, the court must conduct a two-step analysis. "First, it must determine whether particularized harm will result from disclosure of information to the public." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). "Second, if the court concludes that such harm will result

---

[1] The video can be found at https://vimeo.com/491401547.

from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'" *Id.* Seven factors guide this balancing test:

> 1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public.

*Glendale Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir. 1995); *In re Roman, supra,* 661 F.3d at 424.

The documents Defendant have produced under the protective order are privileged under state and federal law, amounting to good cause to protect the documents from public dissemination at this stage.

## ARGUMENT

Good cause exists to maintain confidentiality of the Subject Records because the ongoing criminal proceeding against Officer Stangel presents heightened concerns regarding disclosure to the public.

### I. Defendant Will Suffer A Particularized Harm

Particularized harm exists because disclosure of the Subject Records to the public will compromise the integrity of the parallel criminal proceeding involving Officer Stangel. *See Estate of Sanchez v. Cty. of Stanislaus*, No. 118CV00977DADBAM, 2019 WL 5431875, at *3 (E.D. Cal. Oct. 1, 2019) (holding that the defendants have articulated a particularized harm in that disclosure would hinder the ongoing parallel criminal investigation by the Stanislaus County District Attorney's Office into the underlying events). As the criminal matter is ongoing, the premature public release of all Body Camera footage in this case has the very real potential to taint a jury pool. The public release of the Subject Records places it beyond the court's control and in the hands or third parties who may use it for purposes that may not be consistent with fairness. The BWC footage that might be released by

Plaintiff could be incomplete, missing context, or inadmissible in part or whole – all of which might present an inaccurate account of the case and bias potential jurors. Lacking in context, the public might also focus solely upon the most inflammatory or prejudicial portions of the Subject Records, ultimately depriving Officer Stangel of a fair trial. In fact, there is strong empirical research suggesting that jurors are more likely to convict a criminal defendant when exposed to anti-defendant publicity, despite voir dire and judicial admonitions. *See* Robert Hardaway & Douglas B. Tummunello, *Pretrial Publicity in Criminal Cases of National Notoriety: Constructing A Remedy for the Remediless Wrong*, 46 U. L. Rev. 39, 64 (1996).

## II.     Balancing of Public and Private Interests Weigh In Defendant's Favor

As an initial consideration, as noted above, SFPD, in the spirit of transparency, has already released a video of the incident including footage from three officer BWCs. However, Plaintiff seeks to challenge the confidentiality designation of over ten BWC videos, most of which contain footage of the scene following the incident. Plaintiff may contend that SFPD's release of the footage constitutes a waiver of all of the BWCs in this case. This is not so. All of the BWCs in this case were produced pursuant to a protective order, and there is no evidence that any of these videos, besides the footage recently released by SFPD, has been publicly shown.

Furthermore, the *Glendale* factors weigh in favor of retaining confidentiality. In his motion, Plaintiff first contends that "the only Privacy interest here is the Privacy interest of the Plaintiff. The right to disseminate information about the Plaintiff should be at the discretion of the Plaintiff and not the Defendant." (Pl.'s Mot. at 9). Not so. As stated above, the premature disclosure of the Subject Records, during the pendency of the parallel criminal proceeding, has the compromise the integrity of those proceedings, taint potential jurors, and impacts the individual privacy interests of Officer Stangel, other defendant officers, and third-party witnesses. Plaintiff's reliance on *Gonzales v. City of San Jose*, No. 19-CV-08195-NC, 2020 WL 4430799, at *4 (N.D. Cal. July 31, 2020) (dealing with the disclosure of Body Work Camera footage) is misplaced as that case did not involve disclosure of records to the public relating to an ongoing criminal proceeding against an officer.

Second, Plaintiff contends that he is "seeking the release of the information so that it can be provided to the California Department of Justice, the U.S. Department of Justice and other oversight

agencies so that a full investigation of the Defendant and the officers involved can occur." (Pl.s 'Mot. at 9). This position is equally improper. Although Plaintiff invokes "police accountability" as a reason for pursuing his Motion, Plaintiff's stated purpose reflects an intent to harass, obstruct, or compromise the integrity of the parallel criminal proceeding through premature release of information that will otherwise be discovered during the criminal matter. Additionally, the agencies that Plaintiff identifies do not need Plaintiff's help as they are equally able to obtain records relating to this incident should they so decide. Furthermore, the Court's ruling on Defendant's Motion to Vacate Trial Date and Stay the Civil Proceeding will play an integral role in how this case proceeds. A stay of the entire matter will obviate the need to remove the confidentiality designation of these records at this time. Defendant does not take the position that the Subject Records are to be designated confidential permanently, only that they retain confidentiality until the completion of the criminal matter.

Third, Plaintiff contends that "disclosure will not cause unnecessary embarrassment to the Defendant." (Pl.s' Mot. at 9). This is also wrong. To the contrary, the ongoing criminal matter already places Officer Stangel and other officers who will testify under public scrutiny, and the premature disclosure of the Subject Records, when those records will likely be released or introduced in the criminal proceeding, caused unnecessary embarrassment. Plaintiff's argument that the release of the Subject Records "will clear his name and save him from slander" is also unavailing. The parallel criminal proceeding will elucidate the facts of the incident, including Plaintiff's version of events, should he decide to testify.

Fourth, Plaintiff cites *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 624 (N.D. Cal. 2018) and *Gonzales, supra,* to support the notion that the public has a strong interest in the disclosure of BWCs. (Pl.s' Mot. at 10). However, both *Harmon* and *Gonzales* are distinguishable. In *Harmon*, the defendants sought to retain confidentiality of BWCs after the case had already settled. Moreover, neither *Harmon* nor *Gonzales* involved a challenge to confidentiality of BWCs in conjunction with a parallel criminal proceeding brought against an officer based on conduct in the underlying incident. Instead, this factor weights in favor of Defendant because the public's interest in the orderly and proper administration of criminal justice and the parallel criminal matter should take precedence. *See Jones v. Conte*, No. C04-5312 SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005).

The fifth factor is not at issue since Defendant has already produced the Subject Records pursuant to a protective order.

Sixth, the party benefiting from the order of confidentiality will be Officer Stangel, whose right to a fair trial will be implicated should confidentiality not be retained.  Additionally, the other responding officers, as well as third party witnesses will benefit from the order of confidentiality because they will likely serve as witnesses in the criminal matter. Plaintiff contends that "the longer the video is kept Confidential the more harm will occur to Plaintiff." (Pl.'s Mot. at 11).  Plaintiff, however, does not specify the harm that will occur should confidentiality over the Subject Records remain, at least until the parallel criminal proceeding concludes.  As noted above, the Subject Records have already been produced pursuant to a protective order, and Plaintiff's claims stay the same whether or not the Subject Records are disclosed to the public at this time, specially when a motion to stay the civil matter is pending.

Finally, Plaintiff again cites *Harmon* and *Gonzales* to argue that the interest in transparency in civil rights cases, such as this case involving allegations of excessive force, is high.  Defendant acknowledges that this matter involves issues important to the public.  Defendant, however, maintains that the ability of the District Attorney's Office to conduct a prosecution without compromise, and the right of Officer Stangel to fair and impartial proceedings is paramount to the premature disclosure of the Subject Records.  Defendant agrees that the Subject Records may be disclosed to the public once the criminal matter concludes.

//
//
//
//
//
//

# CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motion to challenge confidentiality over the Subject Records.

Dated: December 24, 2020

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
RAYMOND R. ROLLAN
Deputy City Attorney

By: */s/ Raymond R. Rollan*
RAYMOND R. ROLLAN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO