JAMIR DAVIS, Esq. SBN 98401 (PRO HAC VICE)
**J. DAVIS LAW FIRM, PLLC**
106 WINGING WAY UNIT C
COVINGTON, KY 41011
TELE: 859-750-5033
JDAVISLAWKY@GMAIL.COM

MICHAEL R. SEVILLE, Esq. SBN 278164
CURTIS L. BRIGGS,  Esq. SBN 284190
**SEVILLE BRIGGS, LLP**
3330 GEARY BLVD. 3RD FLOOR, EAST
SAN FRANCISCO, CA 94118
TELE: 415-324-8733
MICHAEL@SEVILLEBRIGGS.COM
CURTIS@SEVILLEBRIGGS.COM

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARACRI SPIERS. | **Case No. 3:20-cv-01357-JSC** |
| Plaintiffs, | **PLAINTIFFS OPPOSITION TO DEFENDANT MOTION TO VACATE TRIAL DATE AND STAY CIVIL PROCEEDING** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; AND DOES 1-50, INDIVIDUALLY AND IN OFFICIAL CAPACITIES AS POLICE OFFICERS FOR THE CITY AND COUNTY OF SAN FRANCISCO, INCLUSIVE. | **Date: January 21, 2021**<br>**Time: 9:00 a.m.**<br>**Courtroom: E – 15th Floor**<br>**San Francisco, California**<br>**Judge: HONORABLE JACQUELINE SCOTT CORLEY** |
| Defendants. | |

//

//

//

1

**INTRODUCTION**

The City and County of San Francisco ('DEFENDANT') moves this Court to vacate the trial date for Dacari Spiers ('PLAINTIFF') and to stay the Civil proceedings in a case that DEFENDANT has already done everything it can possibly to do to achieve this goal. This Court should not allow DEFENDANT to continue with its practice of delay tactics any longer.

This civil suit arises out of a vicious beating of PLAINTIFF at the hands of San Francisco police officers in the Fisherman's Wharf area of San Francisco on October 6, 2019. PLAINTIFF was on a date with his girlfriend in the area and was consoling her after her wallet was stolen. A 911 call from an unidentified bystander alleged that a male was in a domestic violence situation with a woman. Police officers responded to the area, and instead of utilizing any reasonable law enforcement procedures, ignoring all legal standards and California Police Officer Standards and Trainings ('POST') Standards, unlawfully and heinously attacked PLAINTIFF by beating him repeatedly with a baton with such severity that his arm and leg were broken to the point of needing multiple surgeries and metal pins to be inserted to put his body back together.

PLAINTIFF filed suit on February 24, 2020 alleging violations of civil rights under the Fourth Amendment, 42 U.S.C. §1983, a *Monell* claim, California statutory claims, and common law tort claims. In addition to the horrific physical attack that ensued on the day of the incident, officers and agents of DEFENDANT harassed PLAINTIFF while he was recovering in a hospital room and presented a fraudulent Emergency Restraining Order to a Superior Court judge based on untruthful assertions.

DEFENDANT has repeatedly sought to delay discovery in this case. Initially, DEFENDANT pleaded with PLAINTIFF to engage in an early settlement conference and forgo formal discovery. PLAINTIFF agreed, only to be confronted with a party whose efforts and intent

to settle leave PLAINTIFF believing the entire effort was an attempt to continue delaying

discovery. Secondly, DEFENDANT has repeatedly failed to produce information legally sought

through discovery mechanisms under the Federal Rules of Civil Procedure. This Court only needs

to review the pending Motion to Compel Discovery to see that DEFENDANT has continuously

failed to produce information that it has a legal obligation to produce and it now is attempting to use

the individual concerns of one of its employees to shield the entire municipality from its obligations

under the law.

This Opposition brief acknowledges that the San Francisco District Attorney recently filed

criminal charges against Officer Terrance Stangel ('STANGEL') and accepts the Motion to Vacate

the Trial Schedule until the criminal matter is adjudicated. However, PLAINTIFF strenuously urges

this Court to DENY the Motion to Stay Civil Proceedings for the entire case, and instead seeks

continued discovery for all parties absent STANGEL such that evidence can be discovered and

preserved, allowing for a quick resolution to this case after the STANGEL criminal matter is

resolved.

## ARGUMENT

This Court should deny the Motion to Stay Civil Proceedings because there are multiple

allegations in the Complaint, and other possible unnamed defendants, that can and should continue

to proceed with discovery, all of which would not interfere with STANGEL's Fifth Amendment

concerns.

"In the absence of substantial prejudice to the rights of the parties involved, [simultaneous]

parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Securities &*

*Exchange Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980) (Emphasis added).

Here, there are multiple defendants involved in the instant matter, and the DEFENDANT's attempt

to bootstrap the Fifth Amendment concerns for STANGEL onto that of the interests of the DEFENDANT are unwarranted. "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "This means the decisionmaker should consider 'the extent to which the defendant's fifth amendment rights are implicated." *Id.*

Here, the DEFENDANT does not have any Fifth Amendment concerns, nor does any of the other agents of the DEFENDANT that are currently unnamed in the civil suit, as they have not been charged by the San Francisco District Attorney, nor do they contend that they may be. Simply arguing that because STANGEL has legitimate constitutional concerns about proceeding in the duality of criminal and civil proceedings at parallel times does not confer those same concerns to all defendants. No case cited by the DEFENSE supports their motion for a blanket stay of civil proceedings. PLAINTIFF is unaware of any legal precedent that grants blanket stays on discovery in civil litigation simply because one of the defendants is facing criminal charges based on his or her actions. This Court should deny the Motion to Stay Civil Proceedings.

## I.    THIS COURT SHOULD NOT STAY THE CIVIL PROCEEDINGS FOR CCSF OR ANY OTHER DEFENDANT

The DEFENDANT's argument fails to justify why a municipality should forgo its obligations in a civil proceeding simply because one of its employee's faces criminal charges. The *Keating* court actually ruled against Keating in his arguments that facing civil (or administrative) proceedings while also facing criminal charges violated his rights under the Constitution. In fact, the *Keating* court stated that "the public interest in a speedy resolution of the controversy… would have been unnecessarily impaired had the proceeding been stayed." *Keating* 45 F.3d at 326. Here,

4

the public has an absolute interest in having this serious case of police brutality adjudicated as efficiently as possible. Until the arrest of STANGEL, the DEFENDANT was allowing him to continue working as a police officer despite serious allegations, caught on video tape from multiple angles and numerous eyewitness statements pointing out STANGEL's violent and ruthless attack on PLAINTIFF. In addition, the Complaint cites other important issues such as a Department of Justice report from nearly 6 years ago highlighting serious shortcomings with the Police Department and the DEFENDANT's apparent disinterest in implementing any of the recommended changes to policy and training, several of which were on display in the attack on PLAINTIFF.

The DEFENDANT cannot claim that it cannot continue with discovery, relying on STANGEL's constitutional concerns. For it cannot claim that any, as of yet named defendants, cannot continue with discovery as the District Attorney's office is not, to the knowledge of PLAINTIFF, conducting any other investigation into other officers present on the night of the incident or of the other devious and unlawful behavior in the days after the incident. Furthermore, the DEFENDANT has done absolutely nothing to protect or remedy the constitutional concerns for PLAINTIFF.

If this Court finds merit in the concerns that any of the defendants other than STANGEL has legitimate concerns continuing discovery until the adjudication of STANGEL's criminal proceeding, then the protective order already in place should suffice in ensuring that the information discerned during discovery is not distributed publicly so as to bias a potential jury pool. *See Dresser* 628 F.2d at 1376.

## II. THE *KEATING* FACTORS WARRANT CONTINUED DISCOVERY IN A LIMITED CAPACITY

The DEFENDANT attempts to argue that the five factors detailed in *Keating* support its

motion to stay the civil proceedings. They are wrong and this Court should deny the Motion to Stay.

The *Keating* factors include:

> "(1) the interest of the plaintiff's in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending and criminal litigation."

*Keating*, 45 F.3d at 324-325 (internal citation omitted).

The DEFENDANTS's attempt in the Motion to misconstrue this specific case and particular facts in light of the *Keating* factors fails and this Court should deny the Motion to Stay Civil Proceedings.

   **a.   The Prejudice to Plaintiff in Prolonging this Case is High, Especially Given the COVID Delays and the Delay the Criminal Proceeding Against Stangel Will Necessitate; Defendant's Have Already Shown a Willingness to Delay and Obstruct Discovery**

PLAINTIFF suffered and continues to suffer extreme physical and mental pain from this incident and DEFENDANT's attempt to delay this case any longer than COVID and the criminal proceedings against STANGEL will necessitate ensures that PLAINTIFF will continue to forgo physical and mental health therapy that he needs to deal with the pain he will undoubtedly suffer for the rest of this life. The Court should allow PLAINTIFF to continue discovery with regards to the DEFENDANT and other officers, not involved with the criminal matter, for they have no Fifth Amendment concerns to protect.

In addition, the prejudice that PLAINTIFF would experience would be more acute than the prejudice he has already experienced during the discovery phase of this case. DEFENDANT has continuously misled and misinformed PLAINTIFF about potential evidence, custodians of such

6

evidence, and have requested and received numerous extensions to discovery deadlines only to produce absolutely nothing. Should this Court stay the proceedings for the period of the criminal matter against STANGEL, which will likely be years from now, the evidence that PLAINTIFF needs to effectively argue his case will likely be forgotten, misplaced, or destroyed. It has already happened in the case and there is nothing to appease PLAINTIFF's concerns that it will not only continue but will worsen.

DEFENDANT relies on *McCormick v. Rextroth* to attempt to rebut PLAINTIFF's request for limited discovery to continue during STANGEL's criminal matter.  *See McCormick v. Rextroth,* No. C09-4188 JF, 2010 WL 934242, at *2 (N.D. Cal. 2010). What DEFENDANT does not allow in its Motion to Stay is that the reasoning for the Court to issue a stay in *McCormick*, when considering the prejudice to the Plaintiff in such a motion, was based on the fact that the criminal matter was set to begin very quickly. "Though delay always has the potential to impact a party's evidence at trial, that risk is reduced here where the criminal trial is likely to begin within a matter of weeks." *Id*. at *8. This same reasoning assuaged the Courts concerns about witnesses forgetting facts because the stay would not necessitate a prolonged about of time lapsing. *Id.* This speedy resolution to STANGEL's criminal matter is not present in the instant matter.

**b. The Defendant has no Fifth Amendment Protections to Protect, Nor Do Other Officers; The Court Should Allow Discovery for the Non-Charged Defendants to Proceed**

STANGEL has legitimate concerns regarding his Fifth Amendment Rights and PLAINTIFF recognizes that issue.  However, the DEFENDANT and other officers or employees do not have this concern and can provide written and deposition generated discovery while the criminal proceedings against STANGEL proceeds. The protective order, already in place, protects against any concerns that defendants may have about protectable information being disclosed to the public

and impacting STANGEL's ability to get a fair trial. Though it should be noted that the Police Department did not seem to have this concern when it violated this Court's Protective Order and pre-emptively released selected portions of the body worn camera footage in an effort to control the narrative and justify its actions and the actions of its officers after criminal charges were announced. Unsurprisingly, DEFENDANT did not notify PLAINTIFF to see if releasing the video would cause any mental harm for PLAINTIFF after tens of thousands of people or more watched him being beaten by STANGEL and others on the fateful night of the incident.

### c. Efficient Use of Judicial Resources Warrants a Denial of the Motion to Stay Civil Proceedings

While the DEFENDANT correctly recognizes the large number of officers involved in the case, it misses the point that the DEFENDANT itself is a party in the matter and the *Monell* claim warrants continued discovery that will in no way impact or merge with STANGEL's rights.

In addition, PLAINTIFF believes, though is not certain, that STANGEL was not involved in the application for the Emergency Restraining Order, its fraudulent transmission to a Superior Court judge, and how it was delivered in a provocative and harassing manner while he lay in pain and shock in his hospital recovery room. There are numerous aspects of this case and STANGEL's involvement, though obviously significant and important, does not confer the Fifth Amendment concerns for his person to the entirety of the defendants.

This Court should allow the parties to keep discovery moving, as these areas of discovery will certainly streamline discovery.

### d. Interests of Non-Parties

The interests of non-parties weighs in favor of continuing to allow discovery to ensure that witnesses are located and able to provide their testimony while the matter is relatively fresh in their

minds. DEFENDANT makes a bold assertion that it, or anyone else outside of the District Attorney's Office, STANGEL and his counsel, and the Police Department could possibly know all the witnesses and issues that PLAINTIFF will develop and employ in this case. The knowledgeable non-parties have vital information that should be collected as soon as practical to develop a thorough evidentiary basis for the case.

### e.   Interests of the Public Heavily Weighs in Favor of Continuing Discovery

The interests of the public, the residents of San Francisco, weighs heavily in favor of allowing continued discovery as the Police Department and elected officials of San Francisco must be held accountable for the culture that pervades the Department and that of the City as a whole. There are far too many instances to cite in this brief but suffice to say that the use of force within the Police Department is a public issue, so much so, that the prior Department of Justice issued a scathing report and recommended over 250 changes to polices and practices. The Department has not implemented many, if any, of the recommendations.

In addition, the DEFENDANT cites *Jones v. Conte*, as a legal argument supporting its contention that the public does not have any interests with continuing limited discovery. *Jones v. Conte*, No. C 045312S1, 2005 WL 1287017 (N.D. Cal. 2005). In *Jones,* the court was faced with a performance enhancing drug case in which the plaintiff argued that a stay in the civil matter, while the United State government brought a multi defendant criminal case against the drug distributor, would harm her endorsements and sponsorship opportunities. There, the court found that the public interest outweighed that of a professional athlete's economic opportunities. Nothing could be further from the present matter before this court, where a state actor and his employer perpetrated a violent attack against an innocent person and shattered his body. The public interest in this case rests on the public being informed and able to hold its elected officials and those they task with

9

carrying out the public good, to account.

## CONCLUSION

This Court should deny the DEFENDANT's Motion to Stay the Civil Proceedings and allow limited discovery to proceed, absent direct discovery aimed at STANGEL. There are numerous issues which can be discovered, and if done so in good faith, can have this matter ready from trial soon after the conclusion of the STANGEL criminal manner. Instead, the DEFENDANT seeks to delay this proceeding not only as long as the STANGEL criminal matter is litigated, but even further than that to force PLAINTIFF to then conduct his own discovery after a lengthy criminal proceeding which puts this case many years out into the future. DEFENDANT and its employees not named STANGEL do not have legitimate Fifth Amendment concerns to protect, despite their attempts to bootstrap such protections onto themselves. This Court should not allow this injustice to occur.

December 30, 2020                                                    Seville Briggs, LLP


                                                                      /s/ Michael Seville
                                                                    Michael Seville
                                                                    Attorney for Plaintiff

**PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO VACATE TRIAL DATE AND STAY CIVIL PROCEEDINGS**
**3:20-cv-01357-JSC**