```
 1  DENNIS J. HERRERA, State Bar #139669
    City Attorney
 2  MEREDITH B. OSBORN, State Bar #250467
    Chief Trial Deputy
 3  RAYMOND R. ROLLAN, State Bar #304548
    Deputy City Attorney
 4  Fox Plaza
    1390 Market Street, 6th Floor
 5  San Francisco, California 94102-5408
    Telephone:     (415) 554-3888
 6  Facsimile:     (415) 554-3837
    E-Mail:        raymond.rollan@sfcityatty.org
 7
 8  Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DACARI SPIERS, | Case No. 20-CV-01357-JSC |
|---|---|
| Plaintiffs, | **ADMINISTRATIVE MOTION TO SET ASIDE OR DENY PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 41)** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO; AND DOES 1-50 INDIVIDUALLY AND IN OFFICIAL CAPACITIES AS POLICE OFFICERS FOR THE CITY AND COUNTY OF SAN FRANCISCO, INCLUSIVE, | |
| Defendants. | |

Defendant City and County of San Francisco ("Defendant") hereby requests that the Court set aside or deny Plaintiff Dacari Spiers' ("Plaintiff") motion to compel (Dkt. No. 41), filed on December 23, 2020, on the basis that Plaintiff failed to comply with this Court's Standing Order, which states, in part:

> If the parties are unable to resolve their dispute informally after a good faith effort, including meet and confer efforts conducted by lead counsel, the parties have two options:

>1) If the dispute is straightforward, or the parties believe some initial informal guidance from the Court may help the parties resolve their dispute without the need for briefing, the parties may contact Judge Corley's Courtroom Deputy, Ada Means at (415) 522-2015 to arrange a telephonic conference with Judge Corley;
>
>2) For more complex disputes, the parties shall prepare a joint statement of not more than five pages (12-point or greater font) stating the nature and status of the dispute and attesting to their good faith meet and confer efforts. Issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue. It is preferable that the parties file a separate letter for each dispute. Where necessary, the parties may submit supporting declarations and documentation of up to 12 pages. Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.
>
>The parties are strongly encouraged to submit a joint statement, but in the rare instances when a joint statement is not possible, each side may submit a statement of not more than two pages (12-point font or greater).
>
>The joint statement or individual statements shall be e-filed (unless the case is exempt from e-filing requirements) and chambers copies submitted as required herein. Whether joint or individual, the statement must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."
>
>Upon review of the parties' submission[s], the Court will advise the parties of how the Court intends to proceed. The Court may issue a ruling or schedule a telephone conference or in person conference with the parties, and at such conference may issue rulings, order more formal briefing, or set further hearing dates. The Court may also order the parties to come to the courthouse to meet and confer in good faith.

(Magistrate Judge Corley's Civil Standing Order, pp. 4-5). At no point prior to the filing of Plaintiff's motion did counsel attempt to meet and confer regarding preparing a joint statement as required by the Standing Order. Assuming a joint statement was not possible, Plaintiff's filing, which contains thirteen pages, still violates the Standing Order's requirement that each side submit "a statement of not more than two pages." Finally, Plaintiff's motion was not properly filed as a "Discovery Letter Brief" as the Standing Order provides.

On December 30, 2020, Defense counsel sent an e-mail communication to Plaintiff's counsel notifying them of this procedural defect. (Declaration of Raymond R. Rollan ("Rollan Decl.") ¶ 2, Ex. A). In the correspondence, Defense counsel indicated that should Plaintiff withdraw his pending motion to compel, the City would meet and confer to draft a joint discovery letter brief. As of the filing of this motion, Defense counsel has received no response, necessitating the instant administration motion.

Based on the foregoing, Defendant respectfully requests that the Court set aside or deny Plaintiff's motion to compel for failure to comply with this Court's Standing Order.

Dated: December 30, 2020

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
RAYMOND R. ROLLAN
Deputy City Attorney

By: */s/ Raymond R. Rollan*
RAYMOND R. ROLLAN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO