DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
RAYMOND R. ROLLAN, State Bar #304548
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3888
Facsimile:     (415) 554-3837
E-Mail:        raymond.rollan@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; AND DOES 1-50 INDIVIDUALLY AND IN OFFICIAL CAPACITIES AS POLICE OFFICERS FOR THE CITY AND COUNTY OF SAN FRANCISCO, INCLUSIVE,<br><br>    Defendants. | Case No. 20-CV-01357-JSC<br><br>**REPLY IN SUPPORT OF MOTION TO VACATE THE TRIAL DATE AND STAY THE CIVIL PROCEEDING**<br><br>Hearing Date:  February 4, 2021<br>Time:          9:00 a.m.<br>Place:         Zoom |

Defendant City and County of San Francisco ("Defendant") respectfully submits this Reply Brief to Plaintiff Dacari Spiers' ("Plaintiff") Opposition to Defendant's Motion to Vacate the Trial Date and Stay the Civil Proceeding.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

In his Opposition, Plaintiff does not contest Defendant's request that the trial date be vacated in light of the recent criminal charges filed by the San Francisco District Attorney's Office against San

Francisco Police Department ("SFPD") officer Terrance Stangel. This Reply brief therefore addresses the remaining issue of whether the Court should stay the civil matter pending the resolution of the parallel criminal proceeding. Plaintiff requests that the Court continue "discovery for all parties absent STANGEL, such that evidence can be discovered and preserved…" (Pl.'s Opposition ("Pl.'s Opp.") at p. 3). For the reasons set forth below, this Court should deny Plaintiff's request and stay the entire civil proceeding.

## II.  IMPLICATION OF FIFTH AMENDMENT RIGHTS WEIGH IN FAVOR OF A STAY

Inherent in Plaintiff's request for a partial stay of discovery as to Officer Stangel is the acknowledgment of Officer Stangel's substantial Fifth Amendment concerns arising from the parallel criminal matter. Nowhere in Plaintiff's Opposition does he contest that this factor weighs in favor of Officer Stangel.

Instead, Plaintiff's contends that the City and County of San Francisco and other officers do not have any Fifth Amendment concerns that would warrant a stay of discovery unrelated to Officer Stangel. (*See* Pl.'s Opp. at p. 4). Plaintiff's lawsuit involves allegations of use of force on October 6, 2019, as well as allegations that SFPD officers harassed Plaintiff while he was recovering at St. Francis Hospital. In Opposition, Plaintiff attempts to characterize these events as separate transactions, and asks that the Court stay discovery involving only Officer Stangel. Plaintiff's argument, however, ignores the fact that his claims in this case arise from the "same nucleus of facts" pertaining to the officers' response to a call regarding a domestic violence dispute, the subsequent physical altercation between the parties, and action taken by SFPD to prevent further harm from occurring. As such, the parallel criminal proceeding against Officer Stangel may have prejudicial effect on other officers who were involved in the incident, but have not been criminally charged.

Accordingly, a stay is appropriate to safeguard Officer Stangel's Fifth Amendment rights, and will prevent prejudice against other officers.

## III.  THE *KEATING* FACTORS WEIGH IN FAVOR OF A STAY

Even assuming only Officer Stangel's Fifth Amendment rights are implicated by the parallel criminal matter, the remaining *Keating* factors weigh in favor of a stay of the entire civil proceeding. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), cert. denied, 516 U.S.

827 (1995) (The extent to which the pending civil action implicates the Fifth Amendment privilege of a defendant is a "significant factor," but is "only one consideration to be weighed against others.") The court's inquiry into the remaining *Keating* factors is "fact-specific," and the court retains discretion to treat and weigh the factors as it sees fit under the circumstances. *McCormick v. Rexroth*, No. 09-CV-4188-JF, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010).

### A.  A Stay of The Civil Matter Will Not Prejudice Plaintiff.

Plaintiff's Opposition provides two reasons to support his argument of prejudice: (1) a stay results in Plaintiff's ongoing suffering because he continues to forego physical and mental health therapy arising from this incident, and (2) a stay would lead to evidence being forgotten, misplaced, or destroyed. (*See* Pl.'s Opp. at p. 7).  These claims are unavailing,

First, Plaintiff's statement regarding the delay of receiving physical and mental treatment is without merit because whether and when he receives such treatment is not impacted by a stay of civil discovery, specially when Plaintiff concedes that the trial date should be vacated pending the resolution of the parallel criminal proceeding.  Plaintiff has not cited any cases to support a finding of prejudice on this basis.

Second, Plaintiff's argument that a stay results in prejudice because of evidence preservation issues is equally unpersuasive.  Although courts have found prejudice to a plaintiff where a stay of discovery might result in his inability to identify other potential defendants, or where a stay may impact his ability to locate and present favorable evidence, those concerns are not present here.  *See Gen. Elec. Co. v. Liang*, No. 13-CV-8670-DDP, 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014); *Applied Materials, Inc. v. Semiconductor Spares, Inc., Nos.* 95-CV-20129-RMW & 95-CV-20156-RMW, 1995 WL 261451, at *2 (N.D. Cal. Apr. 26, 1995).  Plaintiff attacks Defendant's reliance on *McCormick* on the basis that the court in that case granted a stay because the criminal matter was set to begin quickly, assuaging the plaintiff's concerns regarding evidence preservation.  (Pl.s' Opp. at p. 7).  The *McCormick* court, however, also found that in addition to the proximity of the trial, "[T]he fact that the witnesses for the two proceedings are likely to include many of the same people providing much of the same testimony should reduce the danger that any testimony will be lost as a result of the stay." *McCormick*, 2010 WL 934242, at *3.  Here, the parties have exchanged initial disclosures and

identified all of the witnesses involved in this matter. As such, the filed criminal charges greatly reduces any prejudice Plaintiff may claim as a result of a stay. Therefore, this factor weighs in favor of a stay.

### B. Judicial Efficiency Warrants A Stay.

As to this factor, Plaintiff states that judicial efficiency does not warrant a stay of the entire civil matter because he should be allowed to proceed with discovery on his *Monell* claim, as well as any discovery related to the procurement and service of the Emergency Protective Order at St. Francis Hospital. (Pl.'s Opp. at p. 8). Plaintiff's request for a partial stay, however, would lead to inefficiencies - whatever efficiency might be gained by proceeding with some discovery is outweighed by the inefficiency involved in figuring which discovery can go forward. *McCormick*, 2010 WL 934242, at *3 (noting the inefficiencies associated with "the Court [being] called upon to determine what types of discovery do and do not fall within the bounds of a partial stay"). This is especially true in this case, where Plaintiff has adopted a scorched earth discovery strategy, requesting discovery, including cell phone text messages and personnel records, relating to twenty-four SFPD officers.

To the contrary, courts have determined that staying a "parallel civil proceeding in its early stages may prove more efficient in the long-run" because disposition of the criminal action may "narrow the issues and streamline discovery in the civil proceeding." *SEC v. Alexander*, No. 10-CV-4535-LHK, 2010 WL 5388000, at *5 (N.D. Cal. Dec. 22, 2010) (finding that a stay may be more efficient where no defendant has answered and several defendants had not yet appeared); *see also Douglas v. United States*, Nos. 03-CV-4518-JW & 04-CV-5357-JW, 2006 WL 2038375, at *5 (N.D. Cal. July 17, 2006) (stating that permitting the criminal trial to proceed first may narrow the issues and streamline discovery in the civil proceeding); *Jones v. Conte*, No. 04-CV-5312-SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (finding that a stay would allow civil discovery to proceed unhindered by self–incrimination concerns).

This factor weighs in favor of a stay. Staying the civil action while allowing the parallel criminal action to proceed would streamline civil discovery in several respects: First, many deposition topics such as those relating to Plaintiff's *Monell* claim, including SFPD policies and deputies' disciplinary history, would likely end up being unnecessary or narrowed as to scope and time, because

witnesses will have given sworn testimony in the criminal case. This is more so because Defendant has already produced documentary information relating to these policies and procedures. Second, Plaintiff has propounded written discovery regarding twenty-four SFPD officers and Defendant is still in the process of producing voluminous responsive records. No depositions have been taken in the case. No individual defendants have been named in the case. Some of the officers for whom Plaintiff requests discovery were not even present on the scene, they merely reviewed and approved another officer's report. Plaintiff's fishing expedition would thus be streamlined and narrowed by the parallel criminal proceeding because that proceeding would clarify the officers that have personal knowledge relating to the case. A stay of discovery would thus spare the parties the expense of conducting depositions of officers who do not possess information reasonably calculated to lead to admissible evidence. Therefore, this factor weighs in favor of a stay of the civil proceeding.

### C.  The Interests of Non-Parties Weigh in Favor of A Stay

Next, Plaintiff makes the bare assertion that "interests of non-parties weigh in favor of continuing to allow discovery to ensure that witnesses are located and able to provide their testimony while the matter is relatively fresh in their minds." (Pl.'s Opp. at p. 9). Plaintiff, however, has not identified any third-party witnesses previously listed in the initial disclosures that would be adversely impacted by a stay. To the contrary, any third-party witnesses in this matter, including the two eye witnesses who observed the incident, and police officers who responded to the scene, have an interest in staying the matter pending the resolution of the parallel criminal proceedings because they are likely be called to testify as witnesses in the criminal case.

Moreover, although not criminally prosecuted, the other officers in this case will be prejudiced by any negative inferences jurors may draw from Officer Stangel's exercise of his Fifth Amendment rights. As such, this factor weighs in favor of a stay.

### D.  The Interest To Preserve The Integrity of The Parallel Criminal Proceeding Outweighs The Public's Interest of Allowing Discovery To Proceed in The Civil Matter.

As to the last *Keating* factor, Plaintiff argues that the public has a strong interest in ensuring accountability for law enforcement officials who allegedly abused their power. (*See* Pl.'s Opp. at p. 9). However, the public also has an interest in safeguarding the integrity of criminal proceedings.

*SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1072–73 (C.D. Cal. 2008) (finding in that case that the criminal proceedings were of primary importance to the public and to defendants, and the civil case, "which carries only civil sanctions and monetary penalties, is not of an equally pressing nature"); *see also Alexander*, 2010 WL 5388000, at *6 (finding that with respect to SEC civil and criminal enforcements, where criminal proceedings on the same matters had already commenced, the "public's interest in fair criminal proceedings" takes precedence).

Although Defendant recognizes the public's interest in deterring future misconduct by police officers, this goal is equally served by the parallel criminal proceeding against Officer Stangel, which relate to the same incident. Therefore, the public interest in protecting the integrity of the criminal proceeding outweighs the public's interest in the resolution of the pending civil action. Thus, this factor weighs in favor of a stay.

**IV.   CONCLUSION**

The parties agree that the Court should vacate the trial date in the civil case pending the resolution of the parallel criminal proceeding against Officer Stangel. Furthermore, the *Keating* factors weigh in favor of a stay of the entire civil proceeding. Therefore, Defendant respectfully requests that the Court grant Defendant's Motion to Vacate the Trial Date and Stay the Civil Proceeding.

Dated: January 7, 2021

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
RAYMOND R. ROLLAN
Deputy City Attorney

By: */s/ Raymond R. Rollan*
      RAYMOND R. ROLLAN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO