UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant.<br><br>———————————————<br><br>BREONNA RICHARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 20-cv-01357-JSC<br>Case No. 20-cv-04276-JSC<br><br>**ORDER RE: CHALLENGE TO CONFIDENTIALITY DESIGNATION**<br><br>Re: Dkt. Nos. 38 |

Plaintiffs' motion to remove the confidentiality designation from the police body-worn camera (BWC) video is granted because Defendant has failed to demonstrate a particularized harm that would support designating the video as confidential. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Defendant's arguments to the contrary are particularly unpersuasive in light of the San Francisco Police Department's release of a portion of the BWC video. *See* Fed. R. Civ. P 26(c); *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 625 (N.D. Cal. 2018) (finding that a party's privacy concerns become moot when a confidential video is released on the internet). Moreover, even if Defendant had demonstrated a particularized harm, the *Glenmede* factors do not weigh in its favor for the reasons articulated by Judge Cousins in *Gonzalez v. City of San Jose*, No. 19-CV-08195-NC, 2020 WL 4430799, at *4 (N.D. Cal. July 31,

2020) (finding that police officers that are in the public eye everyday have a lowered expectation of privacy). *See Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir.1995).

Plaintiffs' motion to sanction opposing counsel is denied for the reason stated at oral argument—the request was raised in a reply brief.

This Order disposes of Docket No. 38.

**IT IS SO ORDERED.**

Dated: February 5, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge