UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Defendant. | Case No. 20-cv-01357-JSC<br><br>**ORDER RE: DISCOVERY DISPUTES AND SANCTIONS MOTION**<br><br>Re: Dkt. Nos. 63, 66 |

Pending before the Court is a discovery dispute joint letter brief and Plaintiff's motion for sanctions, which is fully briefed. (Dkt. Nos. 63, 66.) After carefully considering the submissions, the Court concludes that oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the June 24, 2021 hearing, and rules as set forth below.

**1. Officer Stangel's Text Messages**

Plaintiff seeks the text messages he contends he sees Officer Stangel typing into his phone on the Body Worn Camera footage. Defendants represent that there are no such messages and that Plaintiff is incorrect that he his typing on his phone. Nonetheless, Defendants suggest that they do possess text message relevant to this case obtained from Officer Stangel's department-issued phone. While discovery is stayed as to Officer Stangel, since the messages are in Defendants' possession requiring Defendants to produce the messages does not implicate the stay as it does not require Officer Stangel to do anything. Thus, as Defendants offered, on or before June 30, 2021 they shall produce whatever relevant Officer Stangel text messages they possess.

**2. Interview of Trina Pittman**

Plaintiff demands Defendants produce a witness statement which Plaintiff contends Trina Pittman gave to the District Attorney's Office. As Defendants contend the Police Department has

no record of this interview, and Plaintiff offers nothing admissible to contradict that representation, Plaintiff's demand is denied. Plaintiff's counsel's declaration that some unnamed person in the District Attorney's Office confirmed that the interview of Ms. Pittman has been provided to the Police Department is inadmissible hearsay. The Court will address what information, if any, has been provided to the Police Department at the hearing on the District Attorney's Office's motion to quash. (Dkt. No. 69.)

### 3. Unredacted OCC Reports

Plaintiff complains that Defendants have redacted information in OCC reports of the officers involved in the incident at issue. Defendants respond that they have redacted information regarding complaints made against officers not involved with the incident in this lawsuit. Plaintiff does not explain why such redactions are improper; instead, Plaintiff insists that at an informal discovery conference in January 2021 the Court ordered unredacted reports produced. The Court does not recall this particular issue being discussed—redactions involving complaints against officers not involved in the incident at issue. Further, the purpose of the informal discovery conference is to provide guidance and not a formal ruling since the parties have not had the opportunity to present the issue to the Court for ruling. Thus, the Court does not find that it ordered this particular information to be unredacted. Given Plaintiff's failure to explain why it needs such information, or to dispute Defendants' assertion of its private nature, Plaintiff's request is denied.

### 4. Plaintiff's Sanctions Request

It follows from the above that Plaintiff's sanctions request is denied. The Court notes that Plaintiff claims that sources confirm that Defendants are withholding relevant text messages, but Plaintiff offers no evidence in support of that assertion and does not identify the missing text messages. If Plaintiff is referring to the texting that he believes is evident on the video, that is addressed above. Further, while Plaintiff continually laments about undue delay, Plaintiff stipulated to a stay of discovery as to the indicted defendant until the resolution of the criminal action. Thus, there is no trial date and therefore no prejudicial delay.

This Order disposes of Docket Nos. 63, 66.

**IT IS SO ORDERED.**

Dated: June 21, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge