UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DACARI SPIERS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 20-cv-01357-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 96 |

On August 10, 2021, the parties reached a settlement in principle, pending approval by the San Francisco Board of Supervisors.[1] (Dkt. No. 92; *see* Dkt. No. 94 at 2.)[2] On December 22, 2021, Plaintiff filed the instant motion for sanctions. (Dkt. No. 96.) Following a Case Management Conference, the Court ordered Defendants to provide a status report on the issues raised in Plaintiff's motion. (Dkt. Nos. 100, 103; *see* Dkt. No. 105.) After carefully considering the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the March 3, 2022 hearing, and GRANTS the motion in PART as set forth below.

**BACKGROUND**

Plaintiff's counsel also represents the plaintiff in a related case, *Richard v. City and County of San Francisco*, Case No. 3:20-cv-04276-JSC. On December 14, 2021, Plaintiff's counsel deposed Lieutenant Brendan O'Connor in the related case. (Dkt. No. 96-1 ¶ 2.) Lieutenant

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 11, 13.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

O'Connor testified about evidence that was never produced in this case: interviews by Lieutenant O'Connor of Officers Stangel, Martinez, and Cabillo, recorded the day after the incident; text messages; and emails. (Dkt. No. 96-1 ¶¶ 2–3; Dkt. No. 98-1 ¶ 8; Dkt. No. 98-3 ¶ 2.) When Plaintiff's counsel asked why the evidence had not been produced, Defendants' counsel maintained that it had been; later, however, Defendants' counsel agreed that the evidence had never been produced. (Dkt. No. 96-1 ¶ 4; Dkt. No. 98-1 ¶¶ 5–6.) Following the deposition, Plaintiff's counsel emailed Defendants' counsel and requested the evidence be produced. (Dkt. No. 96-1 ¶ 5.) On December 16, 2021, counsel met and conferred and Plaintiff's counsel again requested the evidence. (*Id.* ¶ 6.)

Defendants explain that the interviews of Officer Stangel, Martinez, and Cabillo were part of a confidential San Francisco Police Department Investigative Services Detail ("SFPD ISD") and San Francisco District Attorney's Office Independent Investigations Bureau ("SFDA IIB") file. (Dkt. No. 98-1 ¶ 4; Dkt. No. 98-3 ¶¶ 2–3.) An SFPD representative attests:

> As a matter of practice, SFPD does not disclose records contained in open SFPD ISD investigations because disclosure of those records may negatively impact the pending criminal investigation or any pending related matters brought by SFDA IIB. SFPD ISD closes its investigations once all proceedings related to the case have concluded.

(Dkt. No. 98-3 ¶ 4.) Per the policy, "SFPD ISD did not disclose any of the contents of the SFPD ISD file," including the interviews, "to the City Attorney's Office during the course of discovery." (*Id.* ¶ 5; Dkt. No. 98-1 ¶ 4.) As for the text messages, SFPD solicited documents from Lieutenant O'Connor on July 14, 2021. (Dkt. No. 98-3 ¶ 7.) Lieutenant O'Connor responded the next day, but SFPD did not forward the text messages to Defendants' counsel because it prioritized other litigation after the parties reached a settlement in principle in August 2021. (*Id.* ¶¶ 8–9.)

Defendants' counsel obtained the interviews and the text messages for the first time after Lieutenant O'Connor's deposition. (Dkt. No. 98-1 ¶ 4–6.) Defendants' counsel produced the text messages to Plaintiff on December 16, 2021, and the interviews on January 4, 2022. (*Id.* ¶¶ 5–6.)

**DISCUSSION**

Plaintiff moves for sanctions under 28 U.S.C. § 1927 and the Court's inherent power. "It

2

is well settled" that a district court considering sanctions "may, in its informed discretion, rely on inherent power rather than the federal rules or § 1927." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).  Under 28 U.S.C. § 1927, the Court may require an attorney or litigant "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927; *see Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990) (explaining that Section 1927 sanctions can be imposed against unrepresented litigants as well as attorneys). Given that Defendants' counsel himself was not aware of the evidence until the December 14, 2021 deposition and thereafter worked quickly to produce the evidence, the Court finds that sanctions are only potentially appropriate against Defendants.

Courts have "inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink*, 239 F.3d at 992.  "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith." *Id.* at 994.  Conduct tantamount to bad faith may include "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.*

The Court finds that Defendant the City and County of San Francisco, acting through SFPD, engaged in conduct tantamount to bad faith.  There is no dispute that Defendant did not disclose the evidence to their own counsel until the December 14, 2021 deposition.  And the failure to disclose was not inadvertent; it was part of an admitted SFPD policy.  As such, Defendant was at least reckless as to its obligations under the discovery rules.  *See Milke v. City of Phoenix*, No. CV-15-00462-PHX-ROS, 2019 WL 11766079, at *12 (D. Ariz. July 19, 2019) ("[Plaintiff] did not produce the book in her first responses to the request for production . . . . [She] had no good faith basis for failing to include [it].").  Moreover, the recklessness is combined with the additional factor of an improper purpose.  Protecting the integrity of a criminal investigation might be a proper basis to quash or modify a discovery request or to enter a protective order, (*e.g.*, Dkt. No. 69), but it is an improper purpose for refusing to disclose to counsel, Plaintiff, and the Court that discoverable evidence exists at all.  *See N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) (holding that the court's inherent

3

power supported sanctions award, where "appellants represented to the court that they did not have the documents in question" but later produced them).

Defendants argue there is no prejudice to Plaintiff because the evidence was produced within three weeks of the deposition and because Plaintiff still wants to proceed with the agreed upon settlement. But Plaintiff's counsel had a professional obligation to make sure Defendants actually produced the evidence and to review it, lest it change Plaintiff's settlement position. "Litigation cannot work if a party is free to withhold responsive documents . . . and [later] . . . simply state additional discovery can cure any prejudice." *Milke*, 2019 WL 11766079, at *15; *see Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) ("[Plaintiff] argues that his failure to produce these documents caused [Defendant] no prejudice, but this, even if true, would not establish that his conduct did not violate the discovery rules."). That the settlement is intact does not change that an abuse of the judicial process occurred. Likewise, the Board of Supervisors' approval of the settlement, (*see* Dkt. No. 105-1 ¶¶ 2–3), does not change the work that Plaintiff's counsel had to perform to obtain the evidence.

Accordingly, an award of attorneys' fees is appropriate. *See Fink*, 239 F.3d at 991 (noting that inherent power to levy sanctions includes awarding attorneys' fees). "Because the imposition of attorneys' fees against a party who abused the judicial process is limited to compensation for the wronged party, the court can shift only those attorney's fees incurred because of the misconduct at issue." *Lu v. United States*, 921 F.3d 850, 860 (9th Cir. 2019) (cleaned up); *see Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (explaining that an attorneys' fees sanction "must be compensatory rather than punitive in nature"). For this reason, Plaintiff's counsel's fee request for all discovery work throughout the life of the case is too broad. (Dkt. No. 96-1 at 2–3.) The award is limited to the 5.75 hours of discovery work performed after December 14, 2021, (*id.* at 3), at the reasonable rate of $400 per hour.[3]  *See Shame on You Prods., Inc. v. Banks*, CV 14–03512–MMM (JCx), 2016 WL 5929245, at *20 (C.D. Cal. Aug. 15, 2016)

---

[3] The Court does not address Plaintiff's arguments about excess costs incurred in the related case. The *Richard* plaintiff may raise those arguments if she has a good faith basis to move for sanctions or other relief.

("The only 'excess' litigation costs Defendants incurred as a result of [Plaintiff's counsel's] conduct were those associated with their efforts to obtain the screenplay between October 27, 2014, when the parties made their initial disclosures . . . and December 17, 2014, when the screenplay was finally produced."). The 5.75 hours includes work on the motion for sanctions, because Plaintiff's counsel had to meet and confer and then file the motion before Defendants' counsel indicated he would produce the evidence.

## CONCLUSION

Plaintiff's motion for sanctions is GRANTED in PART. Defendant the City and County of San Francisco shall pay Plaintiff's reasonable attorneys' fees of $2,300 within 30 days. The hearing/status conference scheduled for March 3, 2022 is VACATED.

**IT IS SO ORDERED.**

Dated: March 1, 2022

*/s/ Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge